## N. P. POWELL ET AL. v. J. C. PARKS.

No. 6429.   Decided October 30, 1935.
Rehearing overruled December 4, 1935.
(86 S. W., 2d Series, 725.)

*Wynne & Wynne,* of Longview, for plaintiff in error.

Where the Court of Civil Appeals cannot render a final judgment settling all the equities between the parties for lack of pleading or evidence, the cause should not be rendered for either party, but should be reversed and remanded. Waldo v. Galveston, H. & S. A. Ry. Co., 50 S. W. (2d) 274; Associated Oil Co. v. Hart (Com. App.), 277 S. W., 1043; Pershing v. Henry (Com. App.), 255 S. W., 382.

Where property is conveyed in trust in order that the grantee may make the sale of the property, and the trustee repudiates the trust and breached the agreement and claimed an asserted title in himself, and where the property is conveyed in trust to joint trustees, and one of them refuses to accept the trust and carry out the agreement, the entire trust fails and the grantors, or their assigns, are entitled to recover the property. Richardson v. Moody, 42 S. W., 317; Imperial Sugar Co. v. Cabell, 179 S. W., 90; Hickernell v. Gregory, 224 S. W., 694; Smith v. Eckford, 18 S. W., 210.

*Boyles, Brown & Scott, R. E. Allday, Pat N. Fahey,* and *Russell Scott,* all of Houston, *George Prendergast,* of Marshall, for defendant in error.

The Court of Civil Appeals had the right to render a judgment in this case. Mills v. Pitt, 48 S. W. (2d) 941; Robinson v. Faville, 111 Texas, 48, 227 S. W., 938; Owen v. Gilchrist, 263 S. W., 423; Rule 1 for the Supreme Court, subd. (c); Boykin v. Southwest Texas Oil & Gas Co., 256 S. W., 581 (Com. App.).

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

Ollie Wilhite and her husband, both now dead, owned a tract of 20 acres of land in Gregg County, Texas, in the vicinity of the oil field in that county. They had nine children. Four of these, including Job Wilhite and Sam Wilhite, are

living. Each of the five that are dead left surviving children. The children of one of these five are Alberta Irwin and Hobart Christian. This appeal concerns the undivided interest inherited by Sam Wilhite and Alberta and Hobart, all other claims having been disposed of by the trial court's judgment and no complaint of the judgment has been made in either of the courts below in respect to those claims.

The suit was brought by the defendant in error, J. C. Parks, against N. P. Powell, for the recovery of the oil and gas leasehold estate in the two ninths undivided interest of Sam, Alberta and Hobart in the tract of land. He bases his claim to the leasehold estate upon oil and gas leases alleged to have been executed by said parties to him and Job Wilhite—but the latter was alleged to be merely a nominal grantee in said instruments. W. E. McKinney intervened as a party defendant. On trial of the case before the court, without a jury, judgment was rendered to the effect that Parks take nothing by his suit. The Court of Civil Appeals reversed this judgment and rendered judgment for Parks. 56 S. W. (2d) 323.

The material facts established by the trial court's judgment, so far as they concern the claim asserted by Parks under Sam, Alberta, and Hobart, are substantially as follows:

In the spring of 1931, Parks, acting through his duly authorized agent, who is a lawyer, procured from Sam, Alberta and Hobart the oil and gas leases under which Parks claims. The leases so procured are in the usual form of such leases, and purport to convey the leasehold estate in the undivided interest of the grantors in the tract of land. By the terms of each of the instruments, Parks and Job Wilhite are made grantees. Nothing was paid for the leases, but the instruments recite a nominal consideration. The instruments were duly signed and acknowledged by the respective grantors. Parks resided in Rusk County, Texas, at the time, and was a stranger to the grantors. Job resided in Gregg County. At the time the leases were procured by the agent of Parks, Alberta was in Kansas City, Missouri, where she resided; Hobart was in Chicago, Illinois, where he resided, and Sam was in Houston, Texas, where he resided. In procuring the instruments, the agent of Parks explained to the respective grantors that it would be to their advantage to execute the instruments; that Parks agreed to sell the property for a price not less than $60 per acre, and, to this extent, the pur-

chase money would be turned over to the grantors, and all in excess of that amount would be divided equally between Parks on the one hand and the grantors on the other; that by making Job a cograntee, the property could not be sold without his consent, and since Job was on the ground and was a kinsman of the grantors in whom they had confidence, it was advisable to name him as a grantee along with Parks and the two would cooperate in effecting a sale. Job knew nothing of these transactions at the time, has never consented to accept under the instruments, but on the contrary, on learning of them, promptly rejected the conveyance purported by them, and declined to have anything to do with the matter. Sometime after said instruments were made, Sam, Alberta and Hobart, for a valuable consideration paid, executed to Powell oil and gas leases on their undivided interest in said 20-acre tract. Although the leases run to Powell, they are held by him for the plaintiff in error, McKinney, for whom he was acting in procuring said leases.

■ Among the grounds of error properly presented in Powell and McKinney's application for the writ of error is one to the effect that the Court of Civil Appeals having reversed the trial court's judgment, erred in rendering .judgment for Parks instead of remanding the cause in so far as the controversy relates to the claim of Parks under the instruments mentioned above. The assignment in which this ground of error is presented is sustained. The condition of the record is such as to show that in the trial court the case was not fully developed in the respect stated, and for this reason the case, in such respect, should have been remanded in order that the parties may have an opportunity to take such proper steps as they see fit to fully develop this branch of the case.

■ The only other grounds of error which are presented in the application in such a manner as to entitle them ·to consideration, are to the effect that since the facts hereinabove stated show that, in equity, the leasehold estate covered by said instruments is to be regarded as having been conveyed to Parks and Job in trust, the judgment of reversal entered by the Court of Civil Appeals is erroneous for the reason that the trust has terminated, first, because Parks has repudiated the trust, and, secondly, Job has repudiated the trust. It will be observed that this assignment does not challenge the effectiveness of said instruments as conveyances, but the

assignment goes simply to the question of trust and to the termination of such trust. There can be no doubt that although the instruments by their terms purport an absolute conveyance of the leasehold estate, the facts attending their execution show that the conveyance was made in trust, the object of the trust being to enable Parks to sell the property and make distribution of the proceeds of sale as hereinabove shown. The contention that Parks has repudiated said trust will be taken up first. This contention is founded on the fact that, in this suit, Parks denied the existence of the trust which was alleged and proved by Powell and McKinney, and that he contested the issue presented by them in this respect. We do not understand that where the instrument of conveyance, under which the grantee therein claims title, purports by its terms to convey to him absolute title to the property, and his adversary presents the issue that a trust arose from facts extraneous the instrument, the said grantee ought to be held to have terminated the trust, by a repudiation, merely because he contests this issue presented by his adversary. Plainly his contest in this respect does not signify that he will not faithfully perform the trust, once it is finally established. The fact that his adversary succeeds in sustaining the issue presented by him has no other legal effect than to establish the existence of the trust.

■ With reference to the claim that the trust has terminated because of the repudiation by Job, it would be manifestly unjust to hold that the executed conveyance in trust has been defeated, and the beneficial rights of Parks destroyed, merely because his cotrustee refused to act in the premises.

■ Inasmuch as the existence of the trust here involved is cognizable by the trial court as a court of general equity jurisdiction, all matters pertaining to the execution of such trust is subject to that jurisdiction. With reference to all such matters of enforcement, the jurisdiction of the court should, of course, be exercised with due regard to the equities of the various parties concerned. Where a trust of this character is shown to exist, and a joint trustee refuses to act, his cotrustee being a cobeneficiary of the trust, the court may call all interested parties before it; determine and adjust their rights; determine whether or not, in justice to all parties concerned, the sale contemplated by the terms of the trust ought to be made; and, if such a course be found just to

all parties in interest, require the remaining trustee to execute the trust under the supervision of the court. In order, however, for the court to give complete and effectual relief in the premises, all interested parties should be brought before the court. That is not the situation in the present instance. Although Alberta and Hobart, along with Parks, Powell and McKinney, are parties to the suit, Sam and Job are not. Until these two are brought in, a final settlement of all phases of the controversy cannot be had. Any adjudication made in the suit as it now stands would not affect them.

Because the Court of Civil Appeals erred in rendering judgment for Parks with respect to the controversy concerning his claim under the instruments executed by Sam, Alberta and Hobart, the judgment of said court is, in such respect, reversed and the cause is remanded. In all other respects the judgment of said court is affirmed.

Opinion adopted by the Supreme Court October 30, 1935.
Rehearing overruled December 4, 1935.