CECIL T. WILLIAMS V. SAFETY CASUALTY COMPANY.

No. 7185.   Decided February 17, 1937.
Rehearing overruled March 24, 1937.
(102 S. W., 2d Series, 178.)

*Grisham Bros.* and *J. A. Lantz,* all of Eastland, for plaintiff in error.

As the lower court tried this case upon an erroneous theory of law to the effect that notice of injury given within thirty days after the development of compensable incapacity as a result of the injury constituted compliance with the statutory requirement in that respect, whereas the case should have been

tried upon the theory requiring plaintiff to show good cause for delay in giving notice, and as the judgment was predicated upon such erroneous theory, the case, upon reversal of said judgment because of the absence of such showing of good cause, should have been remanded to the lower court 'for a new trial. City Natl. Bank v. Eastland County, 12 S. W. (2d) 662; Gibson v. Hicks, 47 S. W. (2d) 691; Camden Fire Ins. Co. v. Yarbrough, (Com. App.) 215 S. W. 842.

*Conner & Conner*, of Eastland, and *Frank S. Anderson*, of Galveston, for defendant in error.

The jury having found affirmatively that no notice of plaintiff's injury was given to his employer, and there being no affirmative finding that his insurer was given notice within thirty days from the date of the injury, and there being no pleading or evidence even tending to show an excuse for a failure to give timely notice, the trial court should have dismissed this cause of action, and it was not error for the Court of Civil Appeals to render such judgment as the trial court should have rendered, all issues having been fully developed on the trial. Durham v. Texas Indemnity Co., 60 S. W. (2d) 255; Goeke v. Baumgart, 92 S. W. (2d) 1047; Texas Emp. Ins. Assn. v. McGehee, 75 S. W. (2d) 123.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

The sole question presented to this Court for decision in this case is whether the Court of Civil Appeals, having reversed the judgment of the trial court, should have remanded the cause for another trial and not have rendered judgment terminating the litigation. A brief statement will disclose how the question arose.

The case comes under the Workmen's °Compensation Law. Williams, the employee, sustained an injury on November 29, 1933. Incapacity developed on January 1, 1934. With reference to the notice given to his employer his petition alleged:

"Plaintiff shows to the Court that his employer had actual notice and knowledge of plaintiff's said injury within less than thirty days thereafter, and knew that said injury became seriously disabling about January 1, 1934; that in less than 30 days of the occurrence of same notice was given to the defendant of the occurrence of said accident and injury to the plaintiff, and in less than six months of same plaintiff made claim to the defendant and to the Industrial Board of Texas, for compen-

sation based on his accident and injury and disability as aforesaid.

"In this connection plaintiff avers that the injury developed from said accident and strain to a point of incapacity about January 1, 1934, and within 30 days thereafter both the defendant and the Industrial Accident Board were given full notice of said accident and resulting injury."

In his charge to the jury the trial judge submitted the issue of whether, within 30 days from the date of his injury, Williams notified his employer thereof. This issue was answered "No." A further issue was submitted inquiring whether such notice was given within 30 days from the date when he ceased to work for his employer, that being the date when it was claimed his incapacity developed. This issue was answered "Yes." Judgment was rendered by the trial court in favor of the employee. On appeal the Court of Civil Appeals reversed the trial court's judgment and rendered judgment dismissing the cause. 97 S. W. (2d) 729.

At the time judgment was rendered in the trial court conflicts existed in the decisions of the appellate courts on the question of whether the time within which a claim for compensation should be filed with the Board and notice of injury be given to the employer runs from the date of the injury or from the date of the development of compensable incapacity resulting from the injury. It had been held in more than one case that the date from which to reckon such time is that on which the incapacity developed, and in the case of Texas Employers Insurance Association v. Fricker, 16 S. W. (2d) 390, one of the cases so holding, writ of error had been refused by this Court. Both the trial judge and the attorneys for the employee proceeded upon the theory that the Fricker case was a correct pronouncement of the law. While it was claimed that the notice was given within 30 days from the date of the injury, it was also claimed that such notice was given within 30 days from the date of the development of incapacity, and, under the theory that time should be reckoned from that date, a finding that notice was given within 30 days thereof rendered it immaterial whether such notice was given within 30 days from the date of the injury. Under that theory of the law there was no occasion to plead or offer evidence upon the issue of good cause for failure to give notice prior to the time it was actually given.

1 Since the trial of this case in the lower court, this Court has set the question at rest by its holding that the date of injury, and not the subsequent date when incapacity develops, is the

correct one from which to reckon the time within which the claim should be filed and notice given. Indemnity Insurance Co. of North America v. Williams, 129 Texas 51, 99 S. W. (2d) 905; Texas Employers Insurance Association v. Guidry, 128 Texas 433, 99 S. W. (2d) 900. The same holding was correctly made by the Court of Civil Appeals in this case.

2   From the foregoing it is made to appear that the case was tried upon an erroneous theory of law. It is further made to appear that, because of this quite excusable error, the issue of good cause for not sooner giving notice was neither pleaded nor developed. It is not made to appear that evidence is not available to establish good cause. In order, therefore, for any court, trial or appellate, to determine what final decree should be entered correctly disposing of the litigation, it is necessary that some matter of fact be ascertained, namely, whether good cause existed to the date of notice for not sooner giving same. In such a situation the Court of Civil Appeals should have remanded the cause to the trial court. Numerous authorities supporting this conclusion could be cited, but these are deemed sufficient: Patrick v. Smith, 90 Texas 267, 38 S. W. 17; Smith v. Patton, (Com. App.) 241 S. W. 109; Associated Oil Co. v. Hart, (Com. App.) 277 S. W. 1043; Waldo v. Galveston H. & S. A. Ry. Co., (Com. App.) 50 S. W. (2d) 274; Powell v. Parks, (Com. App.) 126 Texas 338, 86 S. W. (2d) 725.

3   If, as claimed by defendant in error, there appears some language in Sovereign Camp, W. O. W., v. Patton, 117 Texas 1, 295 S. W. 913, of contrary import, we need only to observe that the opinion in that case was by a special court and that; in so far as it may conflict with prior and later decisions of the regular court, it must yield to them as authority.

4   The opinion of the Court of Civil Appeals reflects that a careful consideration was given to the question here involved. It seems to recognize that the Supreme Court would be authorized to remand the cause under the condition of the record. It further seems to recognize that there are many decisions to the effect that that court would have been authorized to enter a judgment of remand rather than one dismissing the cause; but bases its decision upon the conclusion that the provisions of the statute having reference to Courts of Civil Appeals are materially different from those of the statute having reference to the Supreme Court.

Article 1856, having reference to Courts of Civil Appeals, is as follows:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial."

Article 1771, having reference to the Supreme Court, is as follows:

"In each case, the Supreme Court shall either affirm the judgment, or reverse and render such judgment as the Court of Civil Appeals should have rendered, or reverse the judgment and remand the case to the lower court, if it shall appear that the justice of the case demands another trial."

Unless required to do so by the plain language employed in these statutes, courts should not ascribe to the Legislature an intention to bring about the anomalous situation that would result from having one rule for the government of the Supreme Court and a different rule for the government of Courts of Civil Appeals in the matter of whether or not a case should be retried. To our minds the language of these articles does not require the construction that they grant different powers to, and impose different duties upon, these respective Courts. On the contrary, we can discover no substantial difference between them. For all practical purposes they are the same. By Article 1856 Courts of Civil Appeals are directed to remand the cause for a new trial, "when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain." By Article 1771 this Court is directed to remand the case to the lower court, "if it shall appear that the justice of the case demands another trial." If it is necessary that some matter of fact be ascertained in order to render a correct judgment, or if the damage to be assessed or the matter to be decreed is uncertain, then "the justice of the case demands another trial." On the other hand, if it is not necessary that some matter of fact be ascertained, or if the damage to be assessed or the matter to be decreed is not uncertain, the justice of the case does not demand another trial. When the trial court's judgment has been reversed and this Court determines that the matter to be decreed is uncertain, or that the facts should be more fully developed, it orders that the case be remanded in order that justice may be done, but if there is sufficient in the record to guide it in determining, with certainty, the matter to be decreed, it terminates the litigation by rendering the

judgment which should be rendered upon the record. That is the course which Article 1856 directs the Courts of Civil Appeals to follow. It is generally true, as in this case, that when a case has been tried upon the wrong theory, the facts have not been sufficiently developed to determine with any degree of certainty what judgment should be rendered. It may sometimes happen, however, that, although a case has been tried upon the wrong theory, the record discloses an insuperable barrier to plaintiff's right to recover on any theory. In that event the appellate court should render judgment. But it should never render judgment in a case where there is uncertainty as to the matter to be decreed.

The judgments both of the trial court and the Court of Civil Appeals will be reversed and the cause remanded for another trial.

Opinion adopted by the Supreme Court February 17, 1937.

Rehearing overruled March 24, 1937.