Jack Lee FARMER, Appellant,

v.

Douglas KORNFUEHRER, Appellee.

No. 12776.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 15, 1954.

Carsner & Carsner, Victoria, for appellant.

W. W. Kilgore, Victoria, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the form of a trespass to try title by Jack Lee Farmer against Douglas Kornfuehrer, seeking to recover a strip of land fifty-one inches wide and 105 feet long. Appellant states that the suit was in fact a suit to establish the boundary line between two adjoining lots, one owned by plaintiff and the other by defendant. These two lots or parcels of land are both a part of Block No. 21, Hollis Addition to the City of Victoria, Victoria County, Texas.

The trial began to a jury, but when plaintiff concluded the introduction of his evidence the trial court discharged the jury and rendered judgment that plaintiff take nothing, from which judgment Jack Lee Farmer has prosecuted this appeal.

Appellant's first contention is that the evidence was sufficient to raise an issue of fact as to whether an agreed boundary line had been established between the properties of appellant and appellee.

All of the evidence as to the matter was given by Mrs. Enos Griffith, a witness for appellant. Mrs. Griffith formerly owned the property now owned by appellant, Jack Lee Farmer, and conveyed it to Farmer. Her testimony on this subject is as follows:

"Q. Now, Mrs. Griffith, you say that you and Mr. Tedham had some conversation about where the location of your line was, your boundary line was? A. Yes, sir, we did.

"Q. Did you know—do you know when that conversation took place with reference to the sale to Kornfuehrer? A. Yes, sir.

"Q. When was it with reference to the sale to Kornfuehrer? A. It was when he sold to Kornfuehrer.

"Q. When he sold to Kornfuehrer. Now, what, if anything, was done about that controversy? A. Well, Tedham and I had this conversation and he agreed—we agreed on the boundary line, that if I would give around six inches, that he would agree on the boundary line if I would give six inches, and I gave around six inches, which taken the corner of the sidewalk, and there was a stake drove and I agreed on the stake being drove. I know it was there. * * *

"Q. Mrs. Griffith, did you see that stake lately? A. Yes, sir, I have.

"Q. Do you know whether it is still there or not? A. It was there a couple of weeks ago.

"Q. It was there a couple of weeks ago. Now, Mrs. Griffith, then that stake was to mark the boundary line between you and Mr. Kornfuehrer, was it not? A. Right.

"Q. Was that boundary line ever disputed during the time you were living in the place? A. No, sir.

Tedham was the immediate grantor of Douglas Kornfuehrer.

■ We are of the opinion that this evidence was insufficient to raise an issue of fact for the jury as to the establishing of an agreed boundary line between the properties of appellant and appellee.

■■ Before an oral agreement as to a boundary line will be binding upon the parties there must be uncertainty, doubt or dispute as to the real boundary line. Gulf Oil Corp. v. Marathon Oil Co., 137 Tex. 59, 152 S.W.2d 711. The agreement must be definite and unconditional. 7 Tex.Jur. 199, § 57; McCabe v. Moore, Tex.Civ.App., 38 S.W.2d 641. It is further essential that the agreement as to a boundary line be executed by the parties by the erection of physical monuments on the agreed line or by otherwise marking it, and by actual possession or use to the line, or by improving or developing the property with reference to the line. McCabe v. Moore, supra.

The testimony above set out is insufficient to show any of the above essentials to a binding oral boundary line agreement. There is nothing to show that the true boundary line was not known. The statement by Mrs. Griffith that she agreed to give six inches of land in no way shows where this land was located. She testified that a stake was driven in the ground, but the location of the stake is not shown so that it might be located on the ground. Furthermore, the driving of one stake does not fix a boundary line. There is no evidence as to how the line was to run from this stake.

■ Appellant attempts to rely upon certain recitals set forth in a correction deed from H. A. Tedham et ux., to Douglas Kornfuehrer, introduced in evidence over the objection of appellee. The fact that appellee listed this deed in his abstract of title as a deed in his chain of title does not bind him as to the recitals in such deed, unless he offers it in evidence himself. A common source of title was agreed upon and appellee did not offer this deed in evidence. Rule 798, Texas Rules of Civil Procedure; Brooks v. Slaughter, Tex.Civ.App., 218 S.W. 632.

■ Furthermore, the appellant must recover, if at all, upon the strength of his own title and he cannot rely upon the weakness of appellee's title.

The judgment is affirmed.