R. A. BRIGGS, Appellant,

v.

FREEWAY PARK DEVELOPMENT COMPANY, Appellee.

No. 16386.

Court of Civil Appeals of Texas.

Fort Worth.

March 1, 1963.

Rehearing Denied April 12, 1963.

Oscar Nipper, Houston, for appellant.

Ed Schwab, III, Galveston, Graves, Cottingham & Russell, James T. Russell,

Paul E. Cottingham, and Louis W. Graves, Jr., Houston, for appellee.

MASSEY, Chief Justice.

The appeal in this instance is from a summary judgment granted Freeway Park Development Company, hereinafter termed plaintiff, against R. A. Briggs, hereinafter termed defendant. We reverse this judgment and remand the cause.

■ Basis of our action lies in our opinion, and holding, that the want of a necessary party inhibited a recovery under the theory upon which the summary judgment was granted. This necessary party was S. M. Briggs, Trustee, father of the defendant. Although the form of action of statutory trespass to try title in a suit against defendant by plaintiff did not require the presence of S. M. Briggs, Trustee, state of the proof in the record makes it clear that a necessary premise for plaintiff's recovery would lie in the establishment of an equitable title in itself through S. M. Briggs, Trustee, in Briggs original acquisition of the legal title. Necessity existed, therefore, that plaintiff's proof establish its right to have a trust engrafted upon the land sought—through S. M. Briggs, Trustee,—by showing that it was Briggs' *cestui que trust* or was the owner of the beneficial interest in the property. Briggs, Trustee, had purportedly conveyed the property to defendant under a warranty deed which plaintiff contended was spurious or in any event without legal requisites which conferred validity, and that defendant was not an innocent purchaser.

Therefore, the form of suit could have well been one in which, by a bill in equity, plaintiff sought to have its equitable title established and the court's authority exercised through the impression of a constructive or resulting trust on the property and the removal of the cloud on its title created by the deed to defendant.

In such a case S. M. Briggs, Trustee, would be a necessary party under the general rule applicable in Texas. Hall v. Harris, 1854, 11 Tex. 300; Powell v. Parks, 1935, 126 Tex. 338, 86 S.W.2d 725; 42 Tex.Jur., p. 781, "Trusts", sec. 159, "(Parties)—In Suits By or Against Cestui"; 90 C.J.S. Trusts § 457, p. 894, Parties; 65 C.J. Trusts § 961, p. 1032, "(Parties—Necessary Parties)—(3) Trustees or their Heirs or Personal Representatives".

On date of the summary judgment S. M. Briggs was alive and subject to the jurisdiction of the court. Nowhere in the evidence, or in the pleadings (including portions of pleadings we believe should be treated as abandoned), did plaintiff contend that defendant ever became a quasi-trustee, or relieved his father of the burden of a trustee's status and succeeded to or assumed the same in his place and stead. There could not be said to have been existent any exception to the general rule requiring the presence of S. M. Briggs, Trustee.

■ In ordinary trespass to try title suits, in instances where the defendant files a plea of "not guilty" or such is embraced in the reply, the defendant is entitled to prove any defense available legal or equitable, except that of limitation. Texas Rules Civil Procedure 789, "Proof Under Such Plea ('Not Guilty')"; Ragsdale v. Gohlke, 1871–72, 36 Tex. 286; 41–A Tex. Jur., p. 620, et seq., "Trespass to Try Title", sec. 97, "Defenses Available under Plea—In General", sec. 98, "—Particular Defenses", and sec. 99, "—Title or Ownership". We believe that there were matters of defense which defendant would be entitled to interpose, and which were not tried, even if the case did not involve the necessity that plaintiff establish the elements of a trust as a premise. In any event where the defendant pleads "not guilty" the burden is on the plaintiff, movant in a motion for summary judgment in a trespass to try title case, to show that the defendant had no such defense. That plaintiff did not show this is apparent from the record.

The pleadings of the plaintiff had at one time included specific allegations, which if

supported by evidence would have warranted an equitable decree of constructive or resulting trust as against S. M. Briggs, Trustee. At that time Briggs was a party of whom plaintiff was complaining, along with the defendant. Such was the condition of plaintiff's pleadings when the court heard plaintiff's motion for summary judgment and when the judge thereof began to hold a decision under consideration. Before the judge ruled on the motion plaintiff decided to dismiss S. M. Briggs, Trustee, and accordingly took a nonsuit as to said trustee leaving plaintiff and defendant the sole parties to the controversy. Plaintiff placed strong reliance on its case as established as the result of defendant not having answered requests for admission served upon him under T.R.C.P. 169, "Admission of Facts and of Genuineness of Documents". Basically, the constructive admissions considered to have been made by the defendant related to facts controlling the question of plaintiff's right to have a trust engrafted upon the subject property. S. M. Briggs, Trustee, had the same requests for admissions served upon him and he had answered in such manner that it was necessary to any adjudication against him that a trial be held, in which plaintiff's right to have a trust declared would be the issue. Plaintiff decided that it would be entitled to a summary judgment against the defendant if he were the sole defendant. Hence its nonsuit against Briggs. A few days later the summary judgment was rendered in behalf of plaintiff and against the defendant.

The effect of plaintiff's nonsuit was to abandon for any consideration in the case all parts of plaintiff's pleading relating to the trust phase. Though questions relating to the trust phase might have been proper to litigate as against S. M. Briggs, Trustee, even without the specific pleadings, the same questions would not be triable as between plaintiff and defendant at a time when he was not a party to the suit. As previously indicated plaintiff's right to recover could only be founded in evidence which established his right to prevail under a trust theory.

Plaintiff has presented separate motions to strike the transcript and what it terms the "statement of facts". Grounds therefor are generally without merit, and where applicable would only be to an improperly filed affidavit and late answers to requests for admissions. These involve about three pages in the transcript. Most certainly plaintiff has not sustained prejudice by reason thereof. The motions are overruled.

Judgment is reversed and the cause remanded.