W. T. BRYANT, Appellant,

v.

GARY–NEES LUMBER COMPANY, Inc., Appellee.

No. 16473.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 20, 1963.

Sullivant, West & Meurer, and George L. West, Gainesville, for appellant.

Stark & Davey, and Richard S. Stark, Gainesville, for appellee.

RENFRO, Justice.

This is a trespass to try title suit brought by Gary-Nees Lumber Company, Inc., against W. T. Bryant. The dispute actually concerns the north 200 feet of a three acre tract of land conveyed by Bryant to Ell Edwards and subsequently conveyed by Edwards to the Lumber Company.

Plaintiff brought the action in statutory form and described the land by metes and bounds. Defendant filed a not guilty plea and a general denial.

The case was submitted to the jury on one issue. The jury found that at the time plaintiff obtained the land from Edwards plaintiff had no notice that defendant claimed any interest in the land. The jury was instructed that "by the term 'notice' as used herein, is meant either that Gary-Nees Lumber Co., Inc. had actual knowledge thereof or that it had (ac)knowledge and information of such facts as would put a reasonably prudent person upon inquiry as to whether Bryant was making any claim from which inquiry, if made with reasonable diligence, Gary-Nees Lumber Co., Inc. would have ascertained the facts as to the claim."

There were no exceptions to the charge.

■ Defendant contends instructed verdict should have been granted him because the plaintiff did not prove common source of title. The three acre tract was originally a part of a larger tract owned by defendant. The defendant deeded the three acre tract to Edwards, who in turn deeded the three acre tract to plaintiff. Defendant obtained the larger tract, which included the three acre tract, from the Veterans' Land Board.

The above was sufficient to prove plaintiff's source of title. Goode v. Davis, Tex. Civ.App., 135 S.W.2d 285; 41–A Tex.Jur. 696–7, § 157.

■ Defendant argues the court erred in refusing his requested issue inquiring whether the tract of land purchased by plaintiff from Edwards had as its north boundary line concrete markers set by a surveyor in 1957. The issue as requested was prefaced with an instruction that it

was to be answered if the jury answered the issue given, "They had notice." Since the jury found "no notice", the issue would not have been answered by the jury if given.

The defendant contends that under his not guilty plea he was entitled to prove any defense available legal or equitable, except limitation, citing Briggs v. Freeway Park Development Co., Tex.Civ.App., 366 S.W.2d 270, and consequently the court erred in sustaining, in part, plaintiff's motion in limine, preventing defendant from proving a boundary agreement between defendant and plaintiff's predecessor. In ruling on the motion the court stated: "I will allow the defendant to offer proof of any open and notorious fences or marker which would place the plaintiff upon notice that the land being conveyed was less than that called for in the deed. I will allow him to show that there had been a mistake made by a prior surveyor, the defendant if he can do so." The court did allow full interrogation concerning a prior survey of the larger tract, markers existing at the time of purchase by plaintiff and the erection of a fence which cut off the north 200 feet of the three acre tract. Out of the presence of the jury the defendant was permitted to testify to the alleged agreement with Edwards.

In order that a boundary may be established by agreement there must either be a dispute or else uncertainty about the boundary's true ground location. Hinds v. Parmley, Tex.Civ.App., 315 S.W.2d 159. It is requisite that the agreement be definite and unconditional. Harne v. Smith, Sup., 79 Tex. 310, 15 S.W. 240; Decker v. Rucker, Tex.Civ.App., 202 S.W. 1001; McCabe v. Moore, Tex.Civ.App., 38 S.W.2d 641. In Farmer v. Kornfuehrer, Tex.Civ.App., 271 S.W.2d 501, it was held: "Before an oral agreement as to a boundary line will be binding upon the parties there must be uncertainty, doubt or dispute as to the real boundary line. Gulf Oil Corp. v. Marathon Oil Co., 137 Tex. 59, 152 S.W.

2d 711. The agreement must be definite and unconditional. 7 Tex.Jur. 199, § 57; McCabe v. Moore, Tex.Civ.App., 38 S.W.2d 641." We have examined the excluded testimony and in our opinion it did not contain the above requisites.

Defendant contends judgment should have been rendered for him because as a matter of law plaintiff had such notice, by reason of the fence and certain markers, as to excite reasonable inquiry regarding title. It is to be remembered that defendant owned a 75 acre tract of land. In his deed to Edwards the three acre tract is described as "BEGINNING at the Southwest Corner of said 75 acre tract on East line of the right of way conveyed by Mrs. S. E. Dickinson et al. to State of Texas by deed recorded in Book 317, page 310 of Deed Records of Cooke County, Texas; THENCE with East line of said right of way N 34 W 840 feet; THENCE N 56 E 200 feet; THENCE S 34 E parallel with the East line of said right of way 615 feet to South line of said 75 acre tract in center of creek; THENCE S 79 deg. W 70 feet, corner in creek; THENCE S 3 E 205 feet, corner in creek; THENCE S 15 E 80 feet to the beginning." The deed from Edwards to plaintiff contained the same description. There were no references to markers or monuments of any kind. Hence, there was nothing in the deeds to put plaintiff on notice that defendant or anyone else might claim the 3 acre tract or any part thereof.

Defendant did not plead or testify to any claim by limitation.

The plaintiff made out its case for title to the disputed strip by introducing the above mentioned deeds.

The jury, guided by appropriate instruction, found that plaintiff did not have notice that defendant claimed any interest in the land.

All points of error are overruled.

Judgment affirmed.