Shaw v. Shaw 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-015-CV

     SANDRA JANE SHAW, INDEPENDENT EXECUTRIX 
     OF THE ESTATE OF J. ARNOLD SHAW, DECEASED,
                                                                                              Appellant
     v.

     YEULALO SHAW,
                                                                                              Appellee
 

From the County Court
McLennan County, Texas
Trial Court # 890395 PR1
                                                                                                    

O P I N I O N
                                                                                                    

      Sandra Shaw, independent executrix of J Shaw's estate and a child of his previous marriage,



sought a declaratory judgment that funds in the possession of Yeulalo Shaw, J's widow and
Sandra's stepmother, belong to his estate. She asserts that the accounts through which Yeulalo
claims the funds as survivor—joint accounts in the names of Yeulalo and J—are not survivorship
accounts as a matter of law.
      After J and Yeulalo were married in 1984, J decided to change two of his bank accounts so
that Yeulalo would be a joint account holder. They went to MBank in October 1988 and April
1989 and signed new signature cards for two different accounts. Under "Type of Customer," each
card specified "Joint with Survivorship." 
      After J died on June 14, 1989, Yeulalo went to the bank, claimed the accounts as the
"survivor," and changed them to her name. Sandra discovered that Yeulalo had changed the
accounts and was claiming sole ownership of the funds.
      Sandra asked the court to declare that all the funds in both accounts belonged to the estate and
that the signature cards do not qualify as "survivorship agreements" under the Probate Code. 
Yeulalo filed a counterclaim asserting that the accounts belong to her by virtue of her
"survivorship" status. Each party moved for a partial summary judgment on the survivorship
issue. The court, holding that the language on the signature cards was sufficient as a matter of law
to create joint accounts with rights of survivorship, granted Yeulalo's motion for partial summary
judgment and denied Sandra's. See Tex. Prob. Code Ann. § 439(a) (Vernon Supp. 1992). After
the parties stipulated to attorney's fees and an interest rate, the court entered a final judgment for
Yeulalo.
      Sandra alleges that the court erred in four ways: in granting Yeulalo's motion for partial
summary judgment; in denying Sandra's motion for partial summary judgment; in awarding
Yeulalo attorney's fees; and in denying Sandra attorney's fees.
      Sandra argues that the court erred in holding that the accounts were survivorship accounts
because it is contrary to the Supreme Court's interpretation of section 439(a) of the Probate Code
in Stauffer v. Henderson. See id.; Stauffer v. Henderson, 801 S.W.2d 858 (Tex. 1990). Different
rules as to survivorship accounts have prevailed at different times since they were first the subject
of legislation in 1848. However, the court in Stauffer held that "the Legislature has replaced the
various legal theories which have been used to determine the existence of a right of survivorship
in a joint account with section 439 [of the Probate Code]." Stauffer, 801 S.W.2d at 863. 
      The statute provides, in pertinent part:
(a) Sums remaining on deposit at the death of a party to a joint account belong to the
surviving party or parties against the estate of the decedent if, by a written agreement signed
by the party who dies, the interest of such deceased party is made to survive to the surviving
party or parties. Notwithstanding any other law, an agreement is sufficient to confer an
absolute right of survivorship on parties to a joint account under this subsection if the
agreement states in substantially the following form: "On the death of one party to a joint
account, all sums in the account on the date of death vest in and belong to the surviving party
as his or her separate property and estate." A survivorship agreement will not be inferred
from the mere fact that the account is a joint account.

Tex. Prob. Code Ann. § 439(a) (emphasis added).
      The Legislature has determined that three requirements must exist to attach a right of
survivorship to a multiple-party account: (1) a written agreement, (2) signed by the party who
dies, (3) which specifies that the interest of such deceased party survives to the surviving party or
parties. Id. The signature card is frequently the only written agreement of the parties, signed by
the party who has died, which might reflect such an agreement. Stauffer, 801 S.W.2d at 861. An
agreement that meets the requirements of the statute prevails "[n]otwithstanding any other law,"
and the agreement creates "an absolute right of survivorship." Tex. Prob. Code Ann. § 439(a).
      Thus, the language of an agreement relating to a multi-party account either does or does not
create a right of survivorship as a matter of law. Id. A determination of ambiguity is not
permitted. Stauffer, 801 S.W.2d at 863-64. The Supreme Court, giving the words in the statute
their plain meaning, determined that, if the terms of the joint-account agreement are clear as to
rights of survivorship, extrinsic evidence is inadmissible to show the intent of the parties or to
vary, add to, or contradict the agreement. Id. at 864. Although principles of contract
interpretation would normally allow extrinsic evidence to shed light on an ambiguity in the
contract, the court has interpreted the Probate Code to have abrogated all basic contract principles
such that only the statute controls the interpretation of a survivorship agreement relating to a multi-party account. Philip M. Green, Note, Extrinsic Evidence Is Not Admissible to Determine Parties'
Intent Regarding Right of Survivorship on Joint Bank Accounts: Stauffer v. Henderson, 801
S.W.2d 858 (Tex. 1990), 22 Tex. Tech L. Rev. 1237, 1251 (1991).
       The facts of Stauffer are similar to our facts. The signature card in Stauffer, the only written
agreement signed by the decedent, stated that the account was a "JOINT ACCOUNT--PAYABLE
TO EITHER OR SURVIVOR." Stauffer, 801 S.W.2d at 859. In Stauffer, the Court held that the
card "authorizes payment of funds to the survivor at the other party's death but does not create a
right of survivorship." Id. at 865-66. The Stauffer court also held that extrinsic evidence would
not be admissible to create such a right of survivorship and that the account was a simple joint
account without a right of survivorship. Id. at 864-66.
      The signature cards signed by J and Yeulalo, the only written agreement signed by J relating
to the accounts, states that the accounts were "Joint with Survivorship." Tex. Prob. Code Ann.
§ 439(a). The statute provides an example of language sufficient to create a valid survivorship
agreement. Id. The example need not be followed exactly, but it must be "substantially"
followed. The example given by the statute is: "On the death of one party to a joint account, all
sums in the account on the date of death vest in and belong to the surviving party as his or her
separate property and estate." Id. If extrinsic evidence were admissible, our view might be
different. Sufficient extrinsic evidence exists in the record to raise a fact issue on intent, but
Stauffer and section 439(a) prohibit us from considering anything other than the signature cards. 
See id.; Stauffer, 801 S.W.2d at 864. Because "Joint with Survivorship" does not substantially
fulfill the requirements of section 439(a) and Stauffer, we believe that we have no choice but to
hold that the signature cards were insufficient to create a right of survivorship. See Tex. Prob.
Code Ann. § 439(a); Stauffer, 801 S.W.2d at 865-66. Because the signature cards were
insufficient to confer a right of survivorship on Yeulalo, the judgment in her favor must be
reversed. See id. We sustain point one.
      Sandra's third point asserts that the court erred in awarding attorney's fees to Yeulalo. After
the court granted Yeulalo's motion for partial summary judgment and denied Sandra's, the parties
stipulated to the amount of attorney's fees to be awarded to the prevailing party. The stipulated
amounts were awarded to Yeulalo in the final judgment. Because we have sustained Sandra's first
point and will reverse the judgment, we also sustain her third point.
      Sandra's second point complains that the court erred in denying her motion for partial
summary judgment. Usually, the denial of a motion for summary judgment is not appealable. 
Wright v. Wright, 274 S.W.2d 670, 674 (Tex. 1955). However, when two opposing parties each
file a motion for summary judgment and an appeal results, the appellate court can render the
judgment that the trial court should have rendered. Tobin v. Garcia, 316 S.W.2d 396, 400 (Tex.
1958). Sandra did not appeal from the granting of a summary judgment but from a final judgment. 
Both parties moved for a partial summary judgment and not a final summary judgment. See
Bowman v. Lumberton Indep. School Dist., 801 S.W.2d 883, 889 (Tex. 1990). A final judgment
based on the determinations made in the partial summary judgment was entered only after the
parties stipulated on the issues of attorney's fees and interest on the accounts. Thus, the rule of
Tobin does not apply. See id. Although the partial summary judgment was merged into the final
judgment and became appealable at that time, the denial of Sandra's motion for a partial summary
judgment was interlocutory and not appealable. See Pan American Petroleum Corp. v. Texas
Pacific Coal & Oil Co., 324 S.W.2d 200, 201 (Tex. 1959); Wright, 274 S.W.2d at 674. We
overrule point two.
      We find that a remand of this cause is not necessary. See Tex. R. App. P. 80(b)(3). No facts
are left to be decided; no damages need be assessed. See Williams v. Safety Casualty Co., 129
Tex. 184, 102 S.W.2d 178, 180 (1937). The facts surrounding the two bank accounts have been
fully developed, and the justice of the case does not demand a trial. See id. We have determined
that the signature cards for the accounts in question, the only possible source of an agreement
under section 439(a) of the Probate Code, do not create survivorship agreements as a matter of
law. The parties have stipulated that the prevailing party is entitled to attorney's fees and to the
amount of attorney's fees. They have also stipulated to a rate of interest in the event Sandra is
legally entitled to recover interest, which she is under the equitable doctrine of interest for the use
and detention of money. See Phillips Petroleum Co. v. Stahl Petroleum Co., 569 S.W.2d 480,
485-88 (Tex. 1978). Sandra's point four complains that the court erred in denying her request for
attorney's fees. Because we will render judgment in her favor, we sustain point four.
      We therefore reverse the judgment of the trial court and render judgment in favor of Sandra
Jane Shaw, Independent Executrix of the Estate of J Arnold Shaw, Deceased, that: (1) accounts
number 318-220-1 and 850-242-9, owned by J Arnold Shaw prior to his death as his separate
property, are property of the estate; (2) the Independent Executrix have and recover of and from
Yeulalo Shaw the sum of $66,764.31, together with interest thereon from June 14, 1989, until the
date of the judgment of this court at the stipulated rate of 6% per annum; (3) the Independent
Executrix further recover from Yeulalo Shaw stipulated attorney's fees in the amount of $5,000
for services rendered through final judgment in the trial court, $1,500 for services in the appeal
to this court, and $1,500 in the event of an application for writ of error to the Supreme Court of
Texas; (4) the judgment bear interest from the date of judgment until paid at the statutory rate; and
(5) the Independent Executrix recover all costs incurred in the trial court and this court.
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and rendered
Opinion delivered and filed July 22, 1992
Publish