Reddish et al v. Weaver















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-168-CV

     ROBERT L. REDDISH, 
     D/B/A THE STREET STOP,
                                                                              Appellant
     v.

     HERB WEAVER,
                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 98-00-08149-CV
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Herb Weaver filed suit against Robert Reddish, dba The Street Shop, to set aside a mechanics
lien claimed by Reddish and obtain the return of his 1957 Chevrolet pickup and various auto parts. 
The court granted Weaver’s motion for summary judgment, and Reddish appealed. 
      Reddish timely filed a notice of appeal. The clerk’s record was filed in this Court on June
21, 2001, and the reporter’s record was filed on September 25. Reddish filed one motion for an
extension of time to file his brief, which we granted on November 28. Following this extension,
Reddish’s brief was due on December 3. To date, no appellant’s brief has been filed. See Tex.
R. App. P. 38.6(a).
      Appellate Rule 38.8(a)(1) provides that if an appellant fails to timely file his brief, the Court
may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellant’s failure to timely file
a brief.

Id. 38.8(a)(1).
      More than thirty days have passed since Reddish’s brief was due. We notified him of this
defect by letter dated January 4, 2002. Id. 42.3, 44.3. He has not responded to our letter. Id.
42.3, 38.8(a)(1). Therefore, this appeal is dismissed for want of prosecution. Id. 38.8(a)(1).
 
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed for want of prosecution
Opinion delivered and filed February 6, 2002
Do not publish
[CV06]



oint with Survivorship." 
      After J died on June 14, 1989, Yeulalo went to the bank, claimed the accounts as the
"survivor," and changed them to her name. After being appointed independent executrix of J's
estate, Sandra discovered that Yeulalo had changed the accounts and was claiming sole ownership
of the funds.
      Sandra asked the court to declare that all the funds in both accounts belonged to the estate and
that the signature cards do not qualify as "survivorship agreements" under the Probate Code. 
Yeulalo filed a counterclaim asserting that the accounts belong to her by virtue of her
"survivorship" status. Each party moved for a partial summary judgment on the survivorship
issue. The court, holding that the language on the signature card was sufficient as a matter of law
to create a joint account with rights of survivorship, granted Yeulalo's motion for partial summary
judgment and denied Sandra's. See Tex. Prob. Code Ann. § 439(a) (Vernon Supp. 1992). After
the parties stipulated to attorney's fees, the court entered a final judgment for Yeulalo.
      Sandra alleges that the court erred in four ways: in granting Yeulalo's motion for partial
summary judgment; in denying Sandra's motion for partial summary judgment; in awarding
Yeulalo attorney's fees; and in denying Sandra attorney's fees.
      Sandra argues that the court erred in holding that the accounts were survivorship accounts
because it is contrary to the Supreme Court's interpretation of section 439(a) of the Probate Code
in Stauffer v. Henderson. See Tex. Prob. Code Ann. § 439(a); Stauffer v. Henderson, 801
S.W.2d 858 (Tex. 1990). Different rules as to survivorship accounts have prevailed at different
times since they were first the subject of legislation in 1848. However, the court in Stauffer held
that "the Legislature has replaced the various legal theories which have been used to determine the
existence of a right of survivorship in a joint account with section 439 [of the Probate Code]." 
Id. at 863. 
      The statute provides, in pertinent part:
(a) Sums remaining on deposit at the death of a party to a joint account belong to the
surviving party or parties against the estate of the decedent if, by a written agreement signed
by the party who dies, the interest of such deceased party is made to survive to the surviving
party or parties. Notwithstanding any other law, an agreement is sufficient to confer an
absolute right of survivorship on parties to a joint account under this subsection if the
agreement states in substantially the following form: "On the death of one party to a joint
account, all sums in the account on the date of death vest in and belong to the surviving party
as his or her separate property and estate." A survivorship agreement will not be inferred
from the mere fact that the account is a joint account.

Tex. Prob. Code Ann. § 439(a) (emphasis added).
      The Legislature has determined that three requirements must exist to attach a right of
survivorship to a multiple-party account: (1) a written agreement, (2) signed by the party who
dies, (3) which specifies that the interest of such deceased party survives to the surviving party or
parties. Id. The signature card is frequently the only written agreement of the parties, signed by
the party who has died, which might reflect such an agreement. Stauffer, 801 S.W.2d at 861. An
agreement that meets the requirements of the statute prevails "[n]otwithstanding any other law,"
and the agreement creates "an absolute right of survivorship." Tex. Prob. Code Ann. § 439(a).
      Thus, the language of an agreement relating to a multi-party account either does or does not
create a right of survivorship as a matter of law. Id. A determination of ambiguity, so that
extrinsic evidence to show the intent of the parties would ordinarily be admissible, is not
permitted. Stauffer, 801 S.W.2d at 863. The Supreme Court, giving the words in the statute their
plain meaning, determined that, if the terms of the joint-account agreement are clear as to rights
of survivorship, extrinsic evidence is inadmissible to show the intent of the parties or to vary, add
to, or contradict the agreement. Id. at 864. Although principles of contract interpretation would
normally allow extrinsic evidence to shed light on an ambiguity in the contract, the court has
interpreted the Probate Code to have abrogated all basic contract principles such that only the
statute controls the interpretation of a survivorship agreement relating to a multi-party account. 
Philip M. Green, Note, Extrinsic Evidence Is Not Admissible to Determine Parties' Intent
Regarding Right of Survivorship on Joint Bank Accounts: Stauffer v. Henderson, 801 S.W.2d 858
(Tex. 1990), 22 Tex. Tech L. Rev. 1237, 1251 (1991).
       The facts of Stauffer are similar to our facts. The signature card in Stauffer, the only written
agreement signed by the decedent, stated that the account was a "JOINT ACCOUNT--PAYABLE
TO EITHER OR SURVIVOR." Stauffer, 801 S.W.2d at 859. In Stauffer, the Court held that the
card "authorizes payment of funds to the survivor at the other party's death but does not create a
right of survivorship." Id. at 865-66. The Stauffer court also held that extrinsic evidence would
not be admissible to create such a right of survivorship and that the account was a simple joint
account without a right of survivorship. Id. at 864-66.
      The signature cards signed by J and Yeulalo, the only written agreement signed by J relating
to the accounts, states that the accounts were "Joint with Survivorship." These cards are
insufficient to confer a right of survivorship to the account.


 Because the signature cards were
insufficient to confer a right of survivorship on Yeulalo, the judgment in her favor must be
reversed. Id. at 865-66. 
      The statute provides an example of language sufficient to create a valid survivorship
agreement. The example need not be followed exactly, but it must be "substantially" followed. 
Tex. Prob. Code Ann. § 439(a). The example given by the statute is: "On the death of one party
to a joint account, all sums in the account on the date of death vest in and belong to the surviving
party as his or her separate property and estate." Id. If extrinsic evidence were admissible, our
view might be different. Sufficient extrinsic evidence exists in the record to raise a fact issue on
intent, but Stauffer and section 439(a) prohibit us from considering anything other than the
signature cards. See id.; Stauffer, 801 S.W.2d at 864. Because "Joint with Survivorship" does
not substantially fulfill the requirements of section 439(a) and Stauffer, we believe that we have
no choice but to hold that the signature cards were insufficient to create a right of survivorship. 
See Tex. Prob. Code Ann. § 439(a); Stauffer, 801 S.W.2d at 865-66. We sustain point one.
      Sandra's third point asserts that the court erred in awarding attorney's fees to Yeulalo. After
the court granted Yeulalo's motion for partial summary judgment and denied Sandra's, the parties
stipulated to the amount of attorney's fees to which each party would be entitled if she prevailed. 
The stipulated amounts were included in the final judgment. Because we have sustained Sandra's
first point and will reverse the judgment, we also sustain her third point.
      Sandra's second and fourth points complain that the court erred in denying her motion for
partial summary judgment and in denying her attorney's fees. Usually, the denial of a motion for
summary judgment is not appealable. Wright v. Wright, 274 S.W.2d 670, 674 (Tex. 1955). 
However, when two opposing parties each file a motion for summary judgment and an appeal
results, the appellate court can render the judgment that the trial court should have rendered. 
Tobin v. Garcia, 316 S.W.2d 396, 400 (Tex. 1958). Sandra did not, however, appeal from the
granting of a summary judgment but from a final judgment. Both parties moved for a partial
summary judgment and not a final summary judgment. See Bowman v. Lumberton Indep. School
Dist. 801 S.W.2d 883, 889 (Tex. 1990). A final judgment based on the determinations made in
the partial summary judgment was entered only after the parties stipulated on the issues of
attorney's fees and Sandra's claim for interest on the accounts. Thus, the rule of Tobin does not
apply. See id. Although the partial summary judgment was merged into the final judgment and
became appealable at that time, the denial of Sandra's motion for a partial summary judgment was
interlocutory and not appealable. See Pan American Petroleum Corp. v. Texas Pacific Coal & Oil
Co., 324 S.W.2d 200, 201 (Tex. 1959); Wright, 274 S.W.2d at 674. We overrule points two and
four.
      We find that a remand of this cause is not necessary. See Tex. R. App. P. 80(b)(3). No facts
are left to be decided; no damages need be assessed. See Williams v. Safety Casualty Co., 129
Tex. 184, 102 S.W.2d 178, 180 (1937). The facts surrounding the two bank accounts have been
fully developed, and the justice of the case does not demand a trial. See id. We have determined
that the signature cards for the accounts in question, the only possible source of an agreement
under section 439(a) of the Probate Code, do not create a survivorship agreement as a matter of
law. The parties have stipulated that the prevailing party is entitled to attorney's fees and to the
amount of attorney's fees. They have also stipulated to the correct rate of interest due in the event
Sandra is legally entitled to recover interest, which she is under the equitable doctrine of interest
for the use and detention of money. See Phillips Petroleum Co. v. Stahl Petroleum Co., 569
S.W.2d 480, 485-88 (Tex. 1978).
      We therefore reverse the judgment of the trial court and render judgment in favor of Sandra
Jane Shaw, Independent Executrix of the Estate of J Arnold Shaw, Deceased, that: (1) accounts
number 318-220-1 and 850-242-9, owned by J Arnold Shaw prior to his death as his separate
property, are property of the estate; (2) the Independent Executrix have and recover of and from
Yeulalo Shaw the sum of $66,764.31, together with interest thereon from June 14, 1989, until the
date of the judgment of this court at the stipulated rate of 6% per annum; (3) the Independent
Executrix further recover from Yeulalo Shaw stipulated attorney's fees in the amount of $5,000
for services rendered through final judgment in the trial court, $1,500 for services in the appeal
to this court, and $1,500 in the event of an application for writ of error to the Supreme Court of
Texas; (4) the judgment bear interest from the date of judgment until paid at the statutory rate; and
(5) the Independent Executrix recover all costs incurred in the trial court and this court.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and rendered
Opinion delivered and filed June 17, 1992
Publish

WITHDRAWN 7-22-92