**Sidney S. FRANKE, Appellant,**

v.

**Gertrude FRANKE et al., Appellees.**

**No. 4950.**

Court of Civil Appeals of Texas, Eastland.

Dec. 23, 1976.

Rehearing Denied Jan. 20, 1977.

Jack Ware, Uvalde, for appellant.

Ralph S. Jackson, Sr., Beeville, for appellees.

McCLOUD, Chief Justice.

The principal question presented is whether trusts created under two wills violate the rule against perpetuities.

Sidney S. Franke and his sister, Gladys Franke Diehl, sued their five brothers and sisters, Gertrude Franke, individually and as executrix of the estates of Elfriede Franke and H. A. Franke, deceased, Arthur T. Franke, Edwin H. Franke, Beatrice Franke Richter, and Clarence B. Franke, seeking a partition and distribution of all property owned by the deceased parents of the parties, Elfriede Franke and H. A. Franke, at the time of their deaths. The wills of Elfriede and H. A. Franke established trusts which plaintiffs alleged were invalid or should be terminated. The court, in a nonjury trial, held the trusts were valid and denied partition. Plaintiff, Sidney S. Franke, has appealed. We affirm.

The will of H. A. Franke, dated May 13, 1950, provided in part:

"I hereby give, devise and bequeath all of the balance of my property to my daughter, Gertrude Franke, or in the event of her death or her inability or refusal to act, to my son Arthur T. Franke, as Trustee for my wife, Elfreide Franke and my seven children, Arthur T. Franke, Edwin H. Franke, Gertrude Franke, Clarence B. Franke, Gladys Franke Diehl, Sidney S. Franke and E. Beatrice Franke.

a. My Trustee shall divide and partition my estate into as many equal parts as there are children at the time of my death. Each of those parts shall constitute and be held by said Trustee as a separate trust for each of my children or their descendants. The Trustee may, of course, administer the trusts in any way he or she deems proper, either as an undivided interest in property, or by divided interests in property. (If any of my children shall have died, leaving child or children, such child or children shall take the place of the deceased parent, and his or their part of my property shall pass to my Trustee and be administered just as would his parent's part, were the parent still living. In other words, a child or children of one of my deceased children shall take the parent's part of my estate.)

The above provision is subject to the following qualification:

Each of the above trusts shall contribute its proportionate share to any necessary expenses that my Trustee shall use

for my wife, Elfriede Franke and my Trustee is expressly authorized and charged to use any of my property for the necessary and proper care and maintenance of my wife in the manner to which she is accustomed.

b. My Trustee is authorized at her or his descretion, to deliver to any of my children, from cash on hand belonging to such child's trust estate, an amount of cash which my Trustee deems advisable.

c. My Trustee shall have the full authority to sell any or all of my real and personal property at any time and upon such terms she or he thinks wise, but if the majority of my children desire to sell the property, my Trustee shall do so, with this limitation:

My half interest in my real property shall not be sold by my Trustee unless and until my widow desires to sell her half interest in said real estate.

#### IV.

Until all my property is sold, I authorize my Trustee to manage and operate the ranch and use the personal property according to her or his best judgment.

#### V.

When the real estate is sold, all personal property belonging to my estate shall be sold within a reasonable time thereafter.

#### VI.

When my real estate and all personal property have been sold by my Trustee, each trust estate shall be, by my Trustee, delivered to each of my children to whom it belongs."

The will of Elfriede Franke, dated May 13, 1950, was identical to the will of her husband except that in her will, H. A. Franke was designated as the beneficiary at each place where Elfriede Franke was named as the beneficiary in her husband's will. Elfriede Franke died on January 20, 1966, and her husband, H. A. Franke, died on June 2, 1971. Both wills have been probated. Gertrude Franke is acting as trustee. The principal asset of both trusts is a 7,890 acre ranch in Maverick County, Texas.

Plaintiff, Sidney S. Franke, argues the ranch should be partitioned because the trusts violate the rule against perpetuities since no time limitation was designated for the termination of the trusts. We disagree.

The rule against perpetuities requires the *vesting of interests* within the period of the rule. In the instant case, the legal title vested in the trustee and the beneficial or equitable title vested in the named beneficiaries upon the death of Elfriede and H. A. Franke. In *Kelly v. Womack*, 153 Tex. 371, 268 S.W.2d 903 (1954), the court held the trusts to be valid, and when confronted with the argument that the time for continuance of the trusts was indefinite, the court said:

"The rule, 'as appears by its statement, relates only to the vesting of estates and interests, and not to their duration or ending.' And it has no application to present interests, legal or equitable, in reality or personalty, whether or not alienable. 70 C.J.S., Perpetuities, § 8, page 584; *Singer v. Singer,* 150 Tex. 115, 237 S.W.2d 600.

The generally accepted definition in this state of a perpetuity is:

'A perpetuity is a limitation which takes the subject-matter of the perpetuity out of commerce for a period greater than a life or lives in being and 21 years thereafter, plus the ordinary period of gestation.' *Neely v. Brogden,* Tex.Com.App., 239 S.W. 192.

．　　．　　．　　．　　．

It seems to be the law in this jurisdiction that the rule has no relationship to restraints on alienation or so-called indestructible trusts. If the deeds violate the rule against perpetuities they are void from the beginning, but that is not true where alienation has merely been restrained or where even a so-called spendthrift trust has been created. If the terms of the trust create a prohibited restraint, that limitation may be stricken without voiding the effect of the deed. *Anderson v. Menefee*, Tex.Civ.App., 174 S.W. 904, opinion approved by Supreme

Court, *Rust v. Rust* [Tex.Civ.App.], 211 S.W.2d 262, 267:

'It is immaterial that full possession and enjoyment of the property is postponed beyond the period of a life or lives in being and 21 years thereafter with the ordinary period of gestation added.' "

The court further stated:

". . . We are of the opinion that the beneficial or equitable title vested in the named living beneficiaries at the time of the execution of the deeds regardless of the attempted restraint on alienation. They had the fixed right of future enjoyment upon the termination of the trust.

On the very face of these instruments there is apparently no intention, express or implied, that the properties are to be taken out of commerce. In fact the trustee was charged with the duty of disposing of the land at his discretion and in his best judgment at the most favorable and opportune time.

The requirement of the rule in this respect is complied with when a future estate or interest becomes vested in interest regardless of when it becomes vested in possession."

The court answered the complaint that the trusts contained no time limitation as follows:

"We are of the opinion that even though no limitation of time was imposed upon the trustees, the intention of the grantor would clearly indicate, and the law would imply, that they were to be given a reasonable length of time in which to carry out their obligations. What that reasonable time would be would involve all of the facts and circumstances. *Parks v. Powell*, Tex.Civ.App., 56 S.W.2d 323.

Should trustees be derelict in their duty and be guilty of abuse of discretion or of not moving with reasonable diligence, the beneficiaries would have resort to the court to determine and adjust the rights of the parties and to compel, if necessary, action on the part of the trustees. *Powell v. Parks*, 126 Tex. 338, 86 S.W.2d 725; 54 Am.Jur., Trusts, Sec. 180."

See also: *Rekdahl v. Long*, 417 S.W.2d 387 (Tex.1967); *Mattern v. Herzog*, 367 S.W.2d 312 (Tex.1963); and, *Zahn v. National Bank of Commerce of Dallas*, 328 S.W.2d (Tex. Civ.App.-Dallas 1959, writ ref. n. r. e.).

*Anderson v. Menefee*, 174 S.W. 904 (Tex. Civ.App.-Fort Worth 1915, writ ref.), and *Brooker v. Brooker*, 130 Tex. 27, 106 S.W.2d 247 (1937), relied upon by plaintiff, are distinguishable. In those cases, based upon the interpretation of the particular wills under consideration, the courts concluded that the beneficial interests did not vest within the time permitted by the rule against perpetuities. We hold that under the wills of Elfriede and H. A. Franke the beneficial or equitable title vested within the proper time.

■ The trial court concluded that a reasonable time had not expired for carrying out the duties under the Franke Trusts. The court found that the trustee had the discretion as to whether the Franke ranch should be partitioned or sold. Further, the wills expressly provided that a majority of the seven beneficiaries could compel the trustee to sell following the death of the surviving spouse. The record contains evidence that the ranch has increased greatly in value in the past few years.

We hold the trusts do not violate the rule against perpetuities and the court did not err in refusing to terminate the trusts and order a partition of the real estate.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.