NO. 12-03-00228-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CHERYL FAULKNER, TRUSTEE,
§
 APPEAL FROM THE 141ST

APPELLANT


V.


SHARON TANNER EVANS BOST,
§
 JUDICIAL DISTRICT COURT OF

INDIVIDUALLY AND AS FORMER

TRUSTEE OF THE HATTIE M.

TANNER TRUST,

APPELLEE
§
 TARRANT COUNTY, TEXAS

 

OPINION


 Appellant Cheryl Faulkner ("Faulkner"), Trustee of the Stephen and Hilda Hefner Trust, 
appeals a summary judgment granted in favor of Appellee, Sharon Tanner Evans Bost ("Bost"),
individually and as former trustee of the Hattie M. Tanner Trust. In two issues, Faulkner contends
that the trial court erred in granting Bost's motion for summary judgment and denying her own
motion for partial summary judgment. We reverse and remand. 


Background

 In 1992, Hilda Hefner ("Hefner") and her husband created a trust, The Stephen F. & Hilda
T. Freeman-Hefner Trust ("Hefner Trust"). Hefner named her daughter, Faulkner, as trustee of the
Hefner Trust. On April 15, 1993, Hefner assigned any future interests she might inherit from her
mother, Hattie M. Tanner ("Tanner"), to Faulkner in her capacity as trustee of the Hefner Trust. In
1994, Tanner conveyed all of her property to Hattie M. Tanner, Trustee of The Hattie M. Tanner
Trust ("Tanner Trust"). Tanner created the Tanner Trust for her own benefit until her death. She
named her three daughters - Hefner, Bost, and Glenda Murff Todd - as beneficiaries of the trust
following her death. In 1998, Tanner appointed Bost as trustee of the Tanner Trust. 

 Tanner died on June 23, 2001. On July 18, 2002, Hefner executed an affidavit and
affirmation of prior conveyance, which provided, in part, as follows: 



 I executed the Stephen F. & Hilda T. Freeman-Hefner Trust (1992) documents as Grantor
at the time of its creation on July 19, 1992. I also executed an assignment of all estate or
inheritance properties which I might have and/or be thereafter conveyed, whether by
instrument and/or operation of law, conveying such properties to the said Hefner Trust on
April 15, 1993, above-described. . . . It was my intent on April 15, 1993, that such
assignment would include all property, of whatever nature, kind and/or character, whether
real, personal and/or mixed, and whether in fee simple, undivided interests, as joint tenants
and/or tenants in common, and/or otherwise, which I might own on April 15, 1993, and /or
which [I] might later (after April 15, 1993) inherit, and/or might be conveyed to me by any
means, including the property of my mother, Hattie Marie McLemore Tanner. . . . 




 At all times since April 15, 1993, I have considered all of the above-described property,
including, but not limited to the property conveyed to me by my mother in the Trust
mentioned above, I have considered all of said property represented thereby, including, but
not limited to, any claims, causes of action, choses in action, and/or any and all other interests
to be owned in fee simple absolute and/or otherwise by the Stephen F. & Hilda T. Freeman-Hefner Trust (1992).

 In the event that it might be determined at any time that I might have retained any property
and/or interest which, although assumed by me to have been convey[ed] to the said Stephen
F. & Hilda T. Freeman-Hefner Trust (1992), then, and in the event, I do hereby reaffirm,
confirm, and convey any such alleged omitted interest of any nature, kind, and/or character
to the said Stephen F. & Hilda T. Freeman-Hefner Trust (1992). This conveyance, if any,
shall relate back to April 15, 1993, regardless of the date I may be determined to be the
owner of and/or entitled to any and/or all such interests.




After Tanner's death, Faulkner requested a full and complete accounting of the Tanner Trust on
several occasions. Hefner, as agent for Faulkner, also asked Bost for an accounting several times. 
Bost refused to comply. After Bost refused a demand for an accounting by Faulkner's attorney,
Faulkner filed the suit upon which this appeal is based. In her action against Bost, Faulkner
requested a full and complete accounting of the Tanner Trust, a declaratory judgment, attorneys' fees
and costs, and damages. The action was filed August 5, 2002.

 Bost filed an answer and request for declaratory judgment on October 16, 2002, and a
traditional motion for summary judgment (1) on October 22. In response, Faulkner filed a counter 
motion for a partial summary judgment and a response to Bost's motion. The trial court held a
hearing on the motions. In its final judgment, the court granted Bost's motion for summary
judgment, finding that:


 Faulkner is not a beneficiary of the Tanner Trust as a matter of law;
 Faulkner has no rights to the Tanner Trust; and
 Faulkner does not have standing to bring suit.


The court also denied Faulkner's motion for partial summary judgment. This appeal followed.


Standard of Review Texas uses summary judgments merely "to eliminate patently unmeritorious claims and
untenable defenses." Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). The question on appeal
from the granting of summary judgment is whether the summary judgment proof establishes as a
matter of law that there is no genuine issue of material fact as to one or more of the essential
elements of the plaintiff's cause of action. Gibbs v. Gen. Motors Corp., 450 S.W.2d 827, 828 (Tex.
1970). The burden of proof is on the movant and all evidence favorable to the nonmovant will be
taken as true. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Every
reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its
favor. Id. at 549. 

 A plaintiff moving for summary judgment must conclusively prove all essential elements
of the claim. See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). A defendant moving for
summary judgment must either disprove at least one element of the plaintiff's theory of recovery or
plead and prove all essential elements of an affirmative defense. City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979). If the movant's motion and summary judgment
proof facially establish its right to judgment as a matter of law, the burden shifts to the non-movant
to raise a material fact issue sufficient to defeat summary judgment. Dolcefino v. Randolph, 19
S.W.3d 906, 916 (Tex. App.-Houston [14th Dist.] 2000, pet. denied).

 When parties file cross motions for summary judgment, and one motion is granted and the
other denied, we must review the summary judgment evidence presented by both sides and determine
all questions presented. Comm'rs Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). 
In so doing, we first review the order granting summary judgment, and if we determine the order was
erroneous, we review the trial court's action in overruling the denied motion. See Tobin v. Garcia,
159 Tex. 58, 64, 316 S.W.2d 396, 400 (1958). If the issue raised is based upon undisputed and
unambiguous facts, then the reviewing court may determine the question presented as a matter of
law. Gramercy Ins. Co. v. MRD Invs., Inc., 47 S.W.3d 721, 724 (Tex. App.-Houston [14th Dist.]
2001, pet. denied). However, if resolution of the issues rests on disputed facts, summary judgment
is inappropriate, and the reviewing court should reverse and remand for further proceedings. Id. 
Because the propriety of summary judgment is a question of law, we review the trial court's
summary judgment de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). 


Trust Administration and Standing


 A trust is a method used to transfer property. Jameson v. Bain, 693 S.W.2d 676, 680 (Tex.
App.-San Antonio 1985, no writ). "[W]hen a valid trust is created, the beneficiaries become the
owners of the equitable or beneficial title to the trust property and are considered the real owners." 
City of Mesquite v. Malouf, 553 S.W.2d 639, 644 (Tex. Civ. App.-Texarkana 1977, writ ref'd
n.r.e.). The trustee is merely the depository of the bare legal title. Id. The trustee is vested with
legal title and right of possession of the trust property but holds it for the benefit of the beneficiaries,
who are vested with equitable title to the trust property. Jameson, 693 S.W.2d at 680.

 A trustee must administer the trust according to its terms and section 113.051 of the Texas
Property Code. Generally, in the absence of any contrary terms in the trust instrument, the trustee
shall perform all of the duties imposed on trustees by the common law. Tex. Prop. Code Ann.
§ 113.051 (Vernon 1995). A trustee shall maintain a complete and accurate accounting of the
administration of the trust. See Shannon v. Frost Nat'l Bank of San Antonio, 533 S.W.2d 389, 393
(Tex. Civ. App.-San Antonio 1975, writ ref'd n.r.e.). 

 Standing deals with whether a litigant is the proper person to bring a lawsuit, not whether that
party can ultimately prevail on the claims asserted. See Prostok v. Browning, 112 S.W.3d 876, 921-22 (Tex. App.-Dallas, 2003). Standing consists of some interest peculiar to the person. See id. The
general test for standing requires that there "(a) shall be a real controversy between the parties, which
(b) will be actually determined by the judicial declaration sought." Texas Ass'n of Bus. v. Texas
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993) (quoting Board of Water Eng'rs v. City of San
Antonio, 155 Tex. 111, 114, 283 S.W.2d 722, 724 (1955)). In this case, the Texas Property Code
governs who has standing. In Texas, an "interested person" may file suit to compel a trustee to
provide an accounting. Tex. Prop. Code Ann § 113.151(b) (Vernon Supp. 2004). The court may
require the trustee to deliver a written statement of account to the interested person after finding that
the nature of the interest in the trust of the interested person is sufficient to require an accounting by
the trustee. Id. The Property Code defines "interested person" as "a trustee, beneficiary, or any
other person having an interest in or a claim against the trust or any person who is affected by
the administration of the trust." Tex. Prop. Code Ann. § 111.004(7) (Vernon Supp. 2004)
(emphasis added).


Bost's Motion for Summary Judgment


 In her first issue, Faulkner contends that the trial court erred in granting Bost's motion for
summary judgment. Bost filed a motion for summary judgment asserting that 1) Faulkner has no
rights under the Tanner Trust agreement, including the right to bring this suit, and 2) Hefner is
estopped to deny that she is a beneficiary. The trial court granted Bost's motion based on standing
and did not address estoppel. When the trial court grants summary judgment on grounds that dispose
of all the non-movant's claims, the judgment becomes final, regardless of whether the trial court
rules on the other grounds. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996). 
Here, the summary judgment on standing disposes of all of Faulkner's claims. Therefore, the
judgment is final. Furthermore, if the trial court's order explicitly specifies the ground relied on for
the summary judgment ruling, the summary judgment can be affirmed only if the theory relied on
by the trial court is meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993). Because the trial court's order expressly states standing as the basis for summary judgment,
we do not address estoppel.

Bost's Burden and Summary Judgment Evidence

 Lack of standing is an affirmative defense. See Coppock & Teltschik v. May, Day &
Caldwell, 857 S.W.2d 631, 635 (Tex. App.--Houston [1st Dist.] 1993, writ denied). A defendant
who moves for summary judgment on its affirmative defense must prove the defense as a matter of
law. Clear Creek, 589 S.W.2d at 678. Therefore, to prevail on the standing issue in her motion for
summary judgment, Bost was required to prove that she is entitled to judgment as a matter of law
that Faulkner is not an "interested person" as that term is defined in the Property Code. Id. In
support of her motion, Bost attached a certified copy of the document creating the Tanner Trust. 
This document establishes as a matter of law that Tanner did not name Faulkner as a trustee or a
beneficiary of the Tanner Trust. Bost also relied on the following provision in the trust document:


 This trust is a spendthrift trust. No beneficiary shall have any right to transfer, encumber, or otherwise
alienate any interest in any trust, nor shall any such interest be subject to any obligation of any
beneficiary. This spendthrift provision shall apply to any trust established pursuant to this instrument.



According to Bost, Faulkner cannot be an "interested person" because this spendthrift provision
prohibited Hefner from assigning her interest in the Tanner Trust. Consequently, she concludes,
Faulkner has no standing to bring her suit.

 Spendthrift Provision

 Bost, as trustee of the Tanner Trust, held bare legal title and the right to possession of the
trust assets. However, it is "the beneficiary [who] is considered the real owner of the property,
holding equitable or beneficial title." Hallmark v. Port/Cooper-T. Smith Stevedoring Co., 907
S.W.2d 586, 589 (Tex. App.-Corpus Christi 1995, no writ). As a named beneficiary, Hefner held
equitable or beneficial title to her interest in the Tanner Trust. 

 A trust beneficiary who has capacity to transfer property has the power to transfer her
equitable interest, unless restricted by the terms of the trust. See Moody v. Moody Nat'l Bank of
Galveston, 522 S.W.2d 710, 715-16 (Tex. App.-Houston [14th Dist.] 1975, writ ref'd n.r.e.). 
Hefner's capacity to transfer property has not been questioned; thus she held the power to convey
her equitable interest to the Hefner Trust, unless restricted by the terms of the Tanner Trust. Bost
contends that the spendthrift provision constitutes such a restriction.

 Beneficial interests in trusts are generally assignable; however, assignments of such interests
are invalid when they are subject to a spendthrift provision in the trust. See Tex. Prop. Code Ann.
§ 112.035(a) (Vernon 1995 & Supp. 2000) (spendthrift provision prevents the voluntary transfer of
a beneficial interest in a trust); Dierschke v. Central Nat'l Branch of First Nat'l Bank at Lubbock,
876 S.W.2d 377, 380 (Tex. App.-Austin, 1994, no writ). However, a spendthrift provision
terminates with the termination of the trust. Clarke v. Clarke, 121 Tex. 165, 46 S.W.2d 658, 663
(Tex. 1932) (spendthrift provisions of trust are no longer operative after termination of trust and
legal and equitable titles have merged in beneficiaries); see also Long v. Long, 252 S.W.2d 235, 247
(Tex. Civ. App. 1952, writ ref'd n.r.e.) (spendthrift trusts must be based on active trusts). At oral
argument, Bost conceded the trust terminated upon Tanner's death. Additionally, the Property Code
provides that a trust terminates if, by its terms, the trust is to continue only until the happening of a
certain event and that event has occurred. Tex. Prop. Code Ann. § 112.052 (Vernon 1995). Even
when the trust permits the trustee a reasonable period of time to wind up the affairs of the trust, the
continued exercise of the trustee's powers after termination does not affect the vested rights of the
beneficiaries of the trust. Sorrel v. Sorrel, 1 S.W.3d 867, 870 (Tex. App.-Corpus Christi 1999, no
pet.). Therefore, upon Tanner's death, the trust as well as the spendthrift provision terminated, and
Hefner could assign her interest. 

 Summary judgment may be rendered only if the pleadings, depositions, admissions, and
affidavits show (1) there is no genuine issue as to any material fact and (2) the moving party is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon, 690 S.W.2d at 548. It is
axiomatic that the spendthrift provision prevented Hefner from assigning her interest in the Tanner
Trust only so long as the provision was in effect. Tanner died on June 23, 2001. On July 18, 2002,
Hefner executed an affidavit and affirmation of her prior conveyance of any property that she might
inherit from Tanner. Bost's summary judgment proof did not establish that the spendthrift provision
prevented Hefner from assigning her interest following the termination of the Tanner Trust. Thus,
Bost failed to establish that she is entitled to summary judgment as a matter of law. See Gibbs, 450
S.W.2d at 828. We sustain Faulkner's first issue.

Faulkner's Motion for Partial Summary Judgment

 In her second issue, Appellant contends that the trial court erred in denying her motion for
partial summary judgment. Before a court of appeals may review an order denying a cross motion
for summary judgment not covered by an interlocutory appeal statute, both parties must have sought
final judgment in their motions for summary judgment. See CU Lloyds of Texas v. Feldman, 977
S.W.2d 568, 569 (Tex. 1998). Faulkner's motion for partial summary judgment did not seek a final
judgment. Therefore, we lack appellate jurisdiction to review the trial court's denial of this motion. 
Id. Consequently, we do not address Faulkner's second issue. (2) 


Conclusion

 Bost did not prove as a matter of law that she is entitled to summary judgment, and we are
without jurisdiction to review the denial of Faulkner's motion for partial summary judgment.
Therefore, trial court's judgment is reversed and this cause is remanded to the trial court for further
proceedings consistent with this opinion. 



 DIANE DEVASTO 

 Justice



Opinion delivered April 14, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


















(PUBLISH)
1. Tex. R. Civ. P. 166a(c).
2. Faulkner presented a third issue in her initial brief, but withdrew the issue in her reply brief.