**Opinion filed November 30, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00247-CV

_____

## TERRY W. BRADLEY, Appellant

## V.

## DARLENE SHAFFER, INDIVIDUALLY, AND VERLON REID, NOLETA RICE, AND S. CLINTON NIX, CO-TRUSTEES OF THE W.S. SHAFFER FAMILY TRUST, Appellees

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 09673-D**

### O P I N I O N

This appeal presents the question of whether an extension provision in a family trust violates the rule against perpetuities. Family members placed mineral interests they inherited into the trust. The trust instrument contained a spendthrift provision precluding the beneficiaries of the trust from anticipating or assigning their interests in the trust. A subsequent beneficiary of the trust executed deeds purporting to convey his share of the mineral estate to a third party. The trustees of the trust

obtained a summary judgment declaring the deeds to be invalid with respect to the beneficiary's interest in the trust. We affirm.

*Background Facts*

W.S. Shaffer (husband) and E.S. Shaffer (wife) owned the minerals associated with approximately 1,765 acres of land located in Taylor County. As a result of their deaths in the 1960s, their mineral interests were devised to two testamentary trusts that remained in existence until 1993. At that time, the beneficiaries of the two testamentary trusts conveyed their interests in the testamentary trusts to the "W.S. Shaffer Family Trust."[1]

The trustors/settlors were the initial beneficiaries of the trust. The trust instrument set out their respective ownership interests in the trust based upon their relationship to W.S. Shaffer and E.S. Shaffer. The trust instrument stated that W.S. Shaffer and E.S. Shaffer had four children. Their two surviving children received a one-quarter beneficial interest in the trust. The remaining settlors were the grandchildren of W.S. Shaffer and E.S. Shaffer whose parents had died prior to the execution of the trust instrument. They each received a proportionate share of their deceased parent's one-quarter beneficial interest.

Clarence Shaffer was a settlor and an original beneficiary of the trust owning a one-quarter beneficial interest in the trust. The trust provided that, upon the death of a settlor/initial beneficiary, that beneficiary's interest in the trust "shall immediately vest and pass directly to his or her children." Clarence died in 1999. Pursuant to the terms of the trust, Clarence's one-quarter beneficial interest in the trust passed at his death to his children, Darell Shaffer and Darlene Shaffer.

The trust instrument named three trustees and granted them broad powers that could be exercised at any time, including the power to sell the mineral estate or lease

---

[1]All references to "the trust" in this opinion are to the W.S. Shaffer Family Trust.

2

it for exploration. Specifically, the trust provided that the trustees were authorized "[t]o act at all times, to do all the acts, to take all the proceedings and to exercise all the rights, powers and privileges which an absolute owner of the property would have, subject always to the discharge of the Trustees' fiduciary obligations." The trust also contained a spendthrift provision that provided as follows:

> 7.22 LIMITATION OF AUTHORITY OF TRUSTEES AND BENEFICIARIES. No Trustee nor beneficiary of this Trust shall have any right or power to anticipate, pledge, assign, sell, transfer, alienate or encumber his or her interest in the Trust in any way; nor shall any such interest in any manner be liable for or subject to the debts, liabilities, or obligations of such Trustee or beneficiary or claims of any sort against such Trustee or beneficiary.

The trust contained the following provision pertaining to its duration: "This Trust shall be for a term of twenty (20) years from the latest date of execution by an initial Trustor. This Trust may be continued upon unanimous agreement of all beneficiaries hereunder . . . ." The latest date of execution of the trust by an initial trustor/settlor occurred on June 23, 1993. Accordingly, the trust would have expired on June 23, 2013, if not extended.

Darell owned the surface estate of the subject property. It is undisputed that Darell's ownership of the surface estate was not subject to the trust. Darell conveyed the subject property to Terry W. Bradley by warranty deed in 2004. The warranty deed did not contain a reservation pertaining to Darell's one-eighth beneficial interest in the minerals held in the trust. Darell subsequently executed a mineral deed in favor of Bradley in 2006. The mineral deed specifically referenced Darell's beneficial interest in the trust, and it contained language conveying both his mineral interest held in the trust as well as any mineral interest held in the trust that he may acquire in the future.

3

Prior to the twenty-year anniversary of the trust, the trustees and Darlene filed the underlying suit against Bradley seeking a declaratory judgment that the conveyances from Darell to Bradley were void with respect to the mineral interests held by the trust.[2] The twenty-year anniversary was subsequently reached during the pendency of this litigation.

In March through June of 2013, the current beneficiaries of the trust, including Darell and Darlene, executed an extension of the trust that provided as follows: "Pursuant to Article VIII, Paragraph 8.07, the undersigned beneficiaries unanimously agree that the W.S. Shaffer Family Trust shall be extended for a term of twenty (20) years. Such term shall begin on the expiration of the original term, which is June 23, 2013."

Darlene and the trustees (collectively, Appellees) filed a motion for partial summary judgment on January 24, 2014, seeking a judgment declaring the deeds from Darell to Bradley to be invalid with respect to the mineral interests in the subject property.[3] Appellees asserted that the trust owned all of the mineral interests and that Darell did not have any title in the minerals to convey to Bradley. Appellees also asserted that Darell had no authority to convey his beneficial interest in the minerals as a result of the trust's spendthrift provision.

In Bradley's initial response to Appellees' motion for partial summary judgment, he asserted that Darell's interest in the minerals passed out of the trust to Darell at the time of Clarence's death in 1999. Bradley additionally asserted that Appellees did not have standing to challenge the deeds from Darell to Bradley.

---

[2]Darlene was not a trustee of the trust when the underlying suit was filed. She initially filed suit in her individual capacity based upon her allegation that her beneficial interest in the trust had been affected by Bradley's claims under the deeds from Darell. Darlene subsequently became a trustee of the trust during the pendency of this suit.

[3]Darlene was a movant in the motion for summary judgment both in her individual capacity and in her capacity as a substitute trustee of the trust.

4

Appellees filed a reply to Bradley's initial response, asserting that Darell only obtained a beneficial interest in the trust at Clarence's death. Appellees also asserted that they had standing as trustees to assert a claim on behalf of the trust regarding a property interest that they alleged was a part of the trust estate.

Bradley filed a subsequent response on April 24, 2014, in the course of the summary judgment proceedings. Bradley asserted in this response that the trust terminated on June 23, 2013, and that Darell's interest in the minerals passed to Bradley through Darell under the doctrine of after-acquired title. Bradley also filed his own motion for summary judgment, alleging these contentions as summary judgment grounds.

In response to Bradley's allegation that the trust terminated on June 23, 2013, Appellees filed in the summary judgment record a copy of the agreement that extended the trust for twenty years. This filing was the first notice to Bradley that the trust had been extended pursuant to its extension provision.

Bradley filed a subsequent response, asserting that the extension of the trust violated the rule against perpetuities. He filed this response seven days before the hearing on the motion for summary judgment. Bradley also filed a cross-claim against Darell at the same time, asserting a breach of the warranties contained in the deeds that Darell executed conveying the subject property to Bradley.[4] The parties devoted a great deal of attention at the summary judgment hearing on the rule-against-perpetuities question despite its relatively recent appearance in the suit. Furthermore, Bradley focuses his first two issues on appeal on this question.

The trial court granted Appellees' motion for partial summary judgment. Afterwards, the trial court entered an order of severance that severed out Appellees'

---

[4]Darell is not a party to this appeal. After granting Appellees' motion for partial summary judgment, the trial court entered an order of severance that severed out Appellees' claims against Bradley.

claims against Bradley. The trial court additionally entered a final judgment declaring Darell's 2004 Warranty Deed to Bradley and Darell's 2006 Mineral Deed to Bradley to be void with respect to the mineral interests in the subject property.

*Analysis*

Bradley brings three issues challenging the final judgment declaring Darell's two deeds to him to be void with respect to the mineral interests to the subject property. He asserts in his first issue that the trial court erred because the extension provision of the trust violates the rule against perpetuities. *See* TEX. PROP. CODE ANN. § 112.036 (West 2014); *see also* TEX. CONST. art. I, § 26. In presenting this argument, he contends that the trust should be reformed under the rule by striking the extension provision, thereby terminating the trust as of June 23, 2013. Bradley's second issue is a follow-up of his first issue. He asserts that, since the trust terminated on June 23, 2013, title passed to him at that time from Darell under the doctrine of after-acquired title. In his third issue, Bradley contends that the extension agreement executed by the beneficiaries in 2013 is suspect concerning its legitimacy because of its late disclosure during the course of the summary judgment proceedings. Bradley is essentially asserting that the extension agreement cannot be given effect for summary judgment purposes because of its late production.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact as to at least one essential element of the cause of action being asserted and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). When the trial court does not specify the grounds for its ruling, a summary judgment will be affirmed if any of the grounds advanced by the motion are meritorious. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292

6

(Tex. 2013); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000).  Thus, the appealing party must negate all of the grounds that support the judgment. *See Star-Telegram, Inc., d/b/a Fort Worth Star-Telegram v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

The trial court did not specify the grounds upon which it granted Appellees' motion for summary judgment.  Appellees sought summary judgment on two grounds: (1) that Darell did not possess title in the minerals to convey to Bradley as a result of the trust and (2) that the trust's spendthrift provision precluded the conveyance of Darell's beneficial interest in the trust.  Bradley's issues on appeal primarily address the "title" ground.  By asserting in his first issue that the extension provision of the trust violates the rule against perpetuities, Bradley is asserting that title to the minerals passed from the trust to Darell in 2013.  In his second issue, Bradley is asserting that, if the extension provision is nullified under the rule against perpetuities, title passed from Darell to him under the doctrine of after-acquired title. Bradley has not directly addressed the effect of the spendthrift provision and its basis as a ground for supporting the summary judgment.  As set forth below, the trust's spendthrift provision is significant to our analysis.

The interpretation of a trust instrument is a question of law when there is no ambiguity as to its terms.  *Nowlin v. Frost Nat'l Bank*, 908 S.W.2d 283, 286 (Tex. App.—Houston [1st Dist.] 1995, no writ).  The overriding principle to be observed in construing a trust instrument is to ascertain the settlor's intent with the view of effectuating it.  *Parrish v. Mills*, 106 S.W. 882, 885–86 (Tex. 1908).  "[I]t is the intention of the settlor at the time of the creation of the trust that is determinative." *Coffee v. William Marsh Rice Univ.*, 408 S.W.2d 269, 273 (Tex. Civ. App.— Houston 1966, writ ref'd n.r.e.).

A trust is a mechanism used to transfer property.  *Faulkner v. Bost*, 137 S.W.3d 254, 258 (Tex. App.—Tyler 2004, no pet.) (citing *Jameson v. Bain*, 693

7

S.W.2d 676, 680 (Tex. App.—San Antonio 1985, no writ)). "[W]hen a valid trust is created, the beneficiaries become the owners of the equitable or beneficial title to the trust property and are considered the real owners." *City of Mesquite v. Malouf*, 553 S.W.2d 639, 644 (Tex. Civ. App.—Texarkana 1977, writ ref'd n.r.e.). The trustee is merely the depository of the bare legal title. *Id.* The trustee is vested with legal title and right of possession of the trust property but holds it for the benefit of the beneficiaries, who are vested with equitable title to the trust property. *Jameson*, 693 S.W.2d at 680. A trust beneficiary who has capacity to transfer property has the power to transfer his equitable interest, unless restricted by the terms of the trust. *Faulkner*, 137 S.W.3d at 260.

"[A] spendthrift trust is one in which the beneficiary is prohibited from anticipating or assigning his interest in or income from the trust estate." *Long v. Long*, 252 S.W.2d 235, 246 (Tex. Civ. App.—Texarkana 1952, writ ref'd n.r.e.) (quoting *Cronquist v. Utah State Agric. Coll.*, 201 P.2d 280, 282 (Utah 1949)). "Texas courts have long upheld and enforced spendthrift provisions, justifying this restraint on alienation not out of consideration for the beneficiary, but rather for the right of the donor creating the trust to control his gift." *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 948 S.W.2d 317, 321 (Tex. App.—Dallas 1997, writ denied). The Texas Trust Code also specifically protects the right of a trust settlor to include a spendthrift provision in a trust. TEX. PROP. CODE ANN. § 112.035 (West Supp. 2017); *see* PROP. § 111.001. Section 112.035(a) provides that "[a] settlor may provide in the terms of the trust that the interest of a beneficiary in the income or in the principal or in both may not be voluntarily or involuntarily transferred before payment or delivery of the interest to the beneficiary by the trustee." Thus, assignments of beneficial interests in trusts are invalid when they are subject to a spendthrift provision in the trust. *Faulkner*, 137 S.W.3d at 260.

The language of the trust's spendthrift provision provided that "[n]o . . . beneficiary of this Trust shall have any right or power to anticipate, pledge, assign, sell, transfer, alienate or encumber his or her interest in the Trust in any way." Accordingly, the express terms of the trust precluded Darell from assigning his beneficial interest in the trust, and his conveyances to Bradley were invalid at the time they occurred. The more pressing question is whether or not Darell's invalid conveyances became valid later.

Bradley asserts in his first issue that the trust violates the rule against perpetuities. Section 112.036 of the Texas Trust Code provides that "[a trust] interest is not good unless it must vest, if at all, not later than 21 years after some life in being at the time of the creation of the interest, plus a period of gestation." PROP. § 112.036. In applying the rule, we look at the conveyance instrument as of the date it is executed, "and it is void if by any possible contingency the grant or devise could violate the Rule." *BP Am. Prod. Co. v. Laddex, Ltd.*, 513 S.W.3d 476, 479–80 (Tex. 2017) (quoting *Peveto v. Starkey*, 645 S.W.2d 770, 772 (Tex. 1982)). "[W]here an instrument is equally open to two constructions, the one will be accepted which renders it valid rather than void, it being assumed that a grantor would intend to create a legal instrument rather than one which is illegal." *Id.* at 480 (quoting *Kelly v. Womack*, 268 S.W.2d 903, 906 (Tex. 1954)).

We addressed the rule against perpetuities with respect to a trust in *Franke v. Franke*, 545 S.W.2d 545 (Tex. Civ. App.—Eastland 1976, writ ref'd n.r.e.). We held in *Franke* that "[t]he rule against perpetuities requires the Vesting of interests within the period of the rule." 545 S.W.2d at 547. We cited *Kelly v. Womack* for the proposition that the rule against perpetuities "relates only to the vesting of estates and interests, and not to their duration or ending." *Id.* (quoting *Kelly*, 268 S.W.2d at 905). We also noted in *Franke* that the fact that a trust is a spendthrift trust does not

9

make it be in violation of the rule against perpetuities. *Id.* at 547–48 (citing *Kelly*, 268 S.W.2d at 905).

Bradley contends that the trust violates the rule because, at the time the trust instrument was executed on June 23, 1993, it could have extended beyond a life in being plus twenty-one years if it were extended. This argument focuses on the duration of the trust rather than the vesting of the beneficial interests in the trust. As we held in *Franke*, the duration of the trust is not the relevant inquiry. *Id.* It is immaterial that full possession and enjoyment of the property is postponed beyond the time period for the rule against perpetuities as long as the beneficial interests become vested within the applicable period.

Bradley additionally contends that a life not in being on June 23, 1993, could become a beneficiary of the trust more than twenty-one years later because the extension provision of the trust is unlimited. In making this contention, Bradley is essentially arguing that the trust delayed the vesting of the beneficiaries' interests until some point in the future. We disagree with this interpretation of the trust.

Like the testamentary trust in *Franke*, this trust immediately vested the settlors/initial beneficiaries' interests in the trust at the time the trust came into existence. The trust specified the respective ownership interests of the settlors/initial beneficiaries in the mineral estate at the outset. Furthermore, the trust granted the trustees with broad powers, including the power to sell the mineral estate or lease it for exploration, that could be exercised at the outset. As we noted in *Franke*, the fact that the trustees were authorized to sell trust property at any time indicates that the beneficiaries' interests vested immediately. *Id.* We quoted the following statement from *Kelly v. Womack*: "On the very face of [this instrument] there is apparently no intention, express or implied, that the properties are to be taken out of commerce." *Id.* at 548 (quoting *Kelly*, 268 S.W.2d at 905). This is not a case where a transfer has been made to trustees to hold property out of commerce for a class of

beneficiaries, the membership of which will not be known for a period of time in excess of the rule, as was the case in *Henderson v. Moore*, 190 S.W.2d 800, 802 (Tex. 1945). *Kelly*, 268 S.W.2d at 905 (discussing *Henderson v. Moore*). To the contrary, the beneficiaries of the trust "had the fixed right of future enjoyment upon the termination of the trust." *Id.*

The trust also contained a remainder provision whereby an initial beneficiary's vested interest passed to his surviving issue at his death. This is the provision whereby Clarence's vested beneficial interest passed to Darell and Darlene at Clarence's death. The Texas Supreme Court addressed a similar provision in *Rekdahl v. Long*, 417 S.W.2d 387, 393–94 (Tex. 1967). The court determined that the remainder provision did not violate the rule against perpetuities because the surviving issue became "substitutional takers" of their parent's vested beneficial interest at their parent's death. *Id.* at 394. Furthermore, since their beneficial interests in the trust passed to them at the death of an initial beneficiary, their beneficial interests in the trust vested within twenty-one years of a life in being. Accordingly, this trust did not violate the rule against perpetuities. Furthermore, the extension of the trust only affected the trust's duration and not the vesting of an interest in the trust. Accordingly, we overrule Bradley's first issue.

As we noted previously, Bradley premised his second issue pertaining to the doctrine of after-acquired title on a successful challenge under the rule against perpetuities. Our disposition of Bradley's first issue is dispositive of his second issue as presented in his brief. We note, however, that Bradley has not offered any argument with respect to the effect of the trust's spendthrift provision or any authority that a conveyance in violation of a spendthrift provision can later become valid under the doctrine of after-acquired title.

Under the doctrine of after-acquired title, "when one conveys land by warranty of title, or in such a manner as to be estopped to dispute the title of his

grantee, a title subsequently acquired to that land will pass . . . to his warrantee, binding both the warrantor and his heirs and subsequent purchasers from either." *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 770 (Tex. 1983) (quoting *Caswell v. Llano Oil Co.*, 36 S.W.2d 208, 211 (Tex. 1931)). However, "[a] beneficiary's attempted transfer of her interest under a spendthrift trust is generally treated as void." BOGERT'S TRUSTS AND TRUSTEES § 226 (2017) ("Attempted transfer by beneficiary—Destructibility of spendthrift trusts"). The doctrine of after-acquired title does not apply to a void conveyance. *See Pascoe v. Keuhnast*, 642 S.W.2d 37, 40 (Tex. App.—Waco 1982, writ ref'd n.r.e.) (declining to apply doctrine of after-acquired title to a purported conveyance by wife without husband's joinder because said conveyance was void); *see also Fort Apache Energy, Inc. v. Resaca Res., LLC*, No. 09-14-00325-CV, 2016 WL 637985, at *7 (Tex. App.—Beaumont Feb. 18, 2016, no pet.) (mem. op.). Accordingly, we overrule Bradley's second issue asserting title under the doctrine of after-acquired title.

Bradley does not cite any authority in support of his third issue that the extension agreement cannot be given effect because it was not provided to him earlier. We disagree with his proposition that the legitimacy of the extension is questionable because of the date upon which it was produced. The trustees took the position that Darell's conveyances—with respect to the mineral interests held in trust—were invalid at the time they occurred because they were in violation of the spendthrift provision. Thus, the trustees' position was not dependent on the continued existence of the trust but, rather, was that the conveyances were void at all times. The continued existence of the trust did not become an issue until Bradley asserted in a response that the trust should have terminated in 2013 under the rule against perpetuities. In the absence of any authority supporting Bradley's contention, we overrule his third issue.

In conclusion, the trust does not violate the rule against perpetuities, and it remains in existence after the beneficiaries executed the extension agreement. Thus, Darell's beneficial interest in the mineral estate remains subject to the trust. Furthermore, his purported conveyances of the mineral estate were violations of the spendthrift provision and were therefore void. The trial court did not err in entering a judgment declaring Darell's conveyances to Bradley to be invalid with respect to the mineral estate.

## *This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

November 30, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.