**Opinion filed December 31, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00352-CV

_____

**LARRY ACKERS, Appellant**

**V.**

**COMERICA BANK & TRUST, N.A.,
TRUSTEE OF THE LARRY ACKERS
GENERATION SKIPPING TRUST, Appellee**

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 50128-A**

## O P I N I O N

This is a will construction case. Appellant, Larry Ackers, is the beneficiary of a testamentary trust created by his father's will. The will provided that Appellant is to receive the income from the corpus of the trust during his lifetime. Upon Appellant's death, the trust will terminate, and the trustee is directed to distribute the corpus of the trust to the "then-living descendants" of Appellant.

Appellant brought a declaratory judgment action seeking a determination that some of his descendants should be excluded at his death. The trial court entered summary judgment to the effect that the relief sought by Appellant is not ripe for consideration. We affirm.

*Background Facts*

Appellant's father, Dale Ackers, executed a will in May 1993. Upon Dale Ackers's death, his will was admitted for probate. The will left one-half of the residual estate to Appellant's brother, Gary Ackers, outright. The will placed the other one-half of the residual estate into a trust with Appellant named as the sole lifetime income beneficiary of the trust. The relevant provision of the trust states: "Upon the death of [Appellant], this trust shall terminate and the Trustee[] . . . shall distribute all of the remaining trust assets to the then-living descendants of [Appellant], per stirpes and not per capita[.]"

The term "descendants" was not defined in the will. Appellant had three biological children: Kimberly, Melissa, and Pepper. However, Appellant relinquished his parental rights to both Kimberly and Melissa, and both Kimberly and Melissa were adopted by other families. Kimberly died in 2013, survived by two children, Brittany and James. Pepper and Melissa are currently alive. Appellant never relinquished his parental rights to Pepper.

Appellee, Comerica Bank & Trust, N.A., is the current trustee of the trust. Appellant filed a petition for declaratory relief against Comerica, requesting the court to construe "then-living descendants" and to determine whether James and Brittany are excluded from that definition.[1] Comerica filed a motion for summary

---

[1] Originally, Appellant also requested the trial court to determine whether Melissa, who was adopted, would be excluded. However, Appellant and Melissa eventually stipulated in an agreement that Melissa would be considered a descendant of Appellant and a beneficiary under the trust.

judgment, alleging that the case was not ripe for review. The trial court granted the motion, and this appeal followed.

*Analysis*

In his first issue, Appellant asserts that the trial court erred in granting the motion for summary judgment on the basis of ripeness. Ripeness is a component of a court's subject-matter jurisdiction. *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). In order for a court to have subject-matter jurisdiction, the plaintiff must have standing to sue, and the plaintiff's claim must be ripe. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020). The doctrines of standing and ripeness stem from the prohibition of advisory opinions, which in turn is rooted in the separation of powers doctrine. *Patterson*, 971 S.W.2d at 442. Subject-matter jurisdiction is a question of law reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 446).

Ripeness examines when an action may be brought, while standing focuses on who may bring an action. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000); *Landmark Am. Ins. Co. v. Eagle Supply & Mfg. L.P.*, 530 S.W.3d 761, 767 (Tex. App.—Eastland 2017, no pet.). Ripeness "emphasizes the need for a concrete injury for a justiciable claim to be presented." *Lynch*, 595 S.W.3d at 683 (quoting *Patterson*, 971 S.W.2d at 442). If the plaintiff's claimed injury is based on "hypothetical facts, or upon events that have not yet come to pass," then the case is not ripe, and the court lacks subject-matter jurisdiction. *Id.* (quoting *Gibson*, 22 S.W.3d at 852).

The Uniform Declaratory Judgments Act (UDJA) states that "[a] person interested under a . . . will . . . may have determined any question of construction or

validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2020). The Act further provides that "[a] person interested as or through an executor . . . may have a declaration of rights or legal relations in respect to [a] trust or estate . . . to ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others." *Id.* § 37.005(1). However, a plaintiff bringing suit under the UDJA must still properly invoke the trial court's subject-matter jurisdiction. *Lynch*, 595 S.W.3d at 683 (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 444). The UDJA does not permit courts to render advisory opinions, *Tex. Ass'n of Bus.*, 852 S.W.2d at 444, and does not authorize a court to decide a case in which the issues are hypothetical or contingent—the dispute must still involve an actual controversy. *Lynch*, 595 S.W.3d at 684.

Appellant contends that a justiciable controversy exists because (1) the trust's undefined term "descendants" must exclude Brittany and James under Texas law and (2) Comerica wrongfully represented to Brittany and James that they would be considered beneficiaries, which created a "foreseeable conflict" with the interests of Pepper and Melissa. Appellant focuses only on the meaning of the term "descendants" and contends that the court can currently and finally resolve the issue because a determination of "descendants" does not require Appellant's death. According to Appellant, the issue is the current *exclusion* of descendants, not the future *inclusion* of descendants. He contends that his death is not a prerequisite to determining who should be excluded as his descendants at his death.

We disagree with Appellant's analysis of ripeness. Appellant's claim involves making a determination of class membership of a gift made to a class. Appellant acknowledges that the gift to his descendants is a class gift and that his descendants are contingent, non-vested beneficiaries. The Texas Supreme Court addressed a similar class gift in *Wilkes v. Wilkes*. 488 S.W.2d 398 (Tex. 1972). The

4

will in *Wilkes* created a testamentary trust with the income to be paid to various individuals during their lives with the corpus to be paid as a class gift to a class of "lineal descendants" to take effect at the death of the income beneficiaries. *Id.* at 399–403. The court quoted a Kentucky case for the following proposition:

> No one can know, until these two life tenants are dead, just who will compose the benefited class. Until that time comes, the interest of these remaindermen in this property is merely a contingent interest.
>
> Where, under the provisions of a will, a gift to a class is postponed until after the termination of a preceding estate, as a rule, those members of the class, and those only, take who are in existence when such preceding estate terminates, and the time for distribution comes. *The number of pieces into which the pie shall be cut and the parties to whom they shall be passed is determined by those of the class present when the time for cutting comes.*

*Id.* at 405 (emphasis added) (quoting *Ford v. Jones*, 3 S.W.2d 781, 785–86 (Ky. 1928)); *see Deviney v. NationsBank*, 993 S.W.2d 443, 450 (Tex. App.—Waco 1999, pet. denied) (when a will provides for distribution to a class that does not occur until the expiration of a life estate, class membership will not be ascertained until the time fixed for distribution).

Under *Wilkes*, the time for ascertaining Appellant's descendants who will receive the corpus of the trust is to be determined at Appellant's death and not before. *See Wilkes*, 488 S.W.2d at 405; *see also Deviney*, 993 S.W.2d at 450. Until Appellant's death, the interests of his descendants are only contingent interests. *See Wilkes*, 488 S.W.2d at 405. As such, the interests of Appellant's potential descendants are not ripe for determination because they are based upon an event that "[has] not yet come to pass." *See Lynch*, 595 S.W.3d at 683 (quoting *Gibson*, 22 S.W.3d at 851–85). Accordingly, the court lacked subject-matter jurisdiction to consider Appellant's requested relief. *See id.*; *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000) ("A case is not ripe when determining whether the

plaintiff has a concrete injury depends on contingent or hypothetical facts, or upon events that have not yet come to pass.").

Moreover, we disagree with Appellant's rationale that he expressed in his reply brief as to why the matter is ripe for consideration now. He contends that a current determination of who will be excluded as his descendants would permit him to enter into an agreement with the "true non-vested contingent beneficiaries" so that they could agree "to end the trust and distribute its assets before Appellant's death." However, the will contains a spendthrift provision that provides as follows:

> No beneficiary of any trust created by this Will shall have the right or power to anticipate, by assignment or otherwise, any income or corpus given or to be given to such beneficiary by this Will or any portion thereof, nor, in advance of actually receiving the same, shall such beneficiary have the right or power to sell, transfer, encumber, or in anywise charge same; nor shall such income or corpus of any portion of same be subject to any execution, garnishment, attachment, insolvency, bankruptcy, or other legal proceeding of any character, or legal sequestration, levy, or sale, or in any event or manner be applicable or subject, voluntarily or involuntarily, to the payment of such beneficiary's debts.

"[A] spendthrift trust is one in which the beneficiary is prohibited from anticipating or assigning his interest in or income from the trust estate." *Long v. Long*, 252 S.W.2d 235, 246 (Tex. App.—Texarkana 1952, writ ref'd n.r.e.) (quoting *Cronquist v. Utah State Agric. Coll.*, 201 P.2d 280, 282 (Utah 1949)); *see Bradley v. Shaffer*, 535 S.W.3d 242, 248 (Tex. App.—Eastland 2017, no pet.). "Texas courts have long upheld and enforced spendthrift provisions, justifying this restraint on alienation not out of consideration for the beneficiary, but rather for the right of the donor creating the trust to control his gift." *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 948 S.W.2d 317, 321 (Tex. App.—Dallas 1997, writ denied); *see Bradley*, 535 S.W.3d at 248. Thus, the assignment of a beneficial interest in a trust is invalid when that beneficial interest is subject to a spendthrift provision. *Bradley*,

535 S.W.3d at 248 (citing *Faulkner v. Bost*, 137 S.W.3d 254, 260 (Tex. App.—Tyler 2004, no pet.)).

Any agreement that Appellant might make with his potential non-excluded descendants would violate the trust's spendthrift provision. Accordingly, a potential agreement that would be invalid under the terms of the trust cannot supply a basis for making Appellant's requested relief into a justiciable controversy. We overrule Appellant's first issue. Our disposition of his first issue is dispositive of Appellant's appeal. Accordingly, we do not reach Appellant's second issue. *See* TEX. R. APP. P. 47.1.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


December 31, 2020

Panel consists of: Bailey, C.J.,
and Wright, S.C.J.[2]

Willson, J., and Trotter, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.